# Goggans v. Myrick.

### Action to recover Damages for Obstruction of a Public Road.

1. *Obstruction of public road; not necessary for complaint to allege accurate description of road.*—An action to recover damages for the alleged wrongful obstruction of a public road is personal in its nature; and, therefore, it is not necessary for the complaint to allege the location of said road with definiteness and accuracy, but it is only necessary to be so alleged as to notify the defendant of the cause of action.

2. *Action for obstruction of public road; sufficiency of complaint.* In an action to recover damages for the wrongful obstruction of a public road, a complaint which alleges that the plaintiff's homestead and mills owned by the plaintiff, which abutted on the public road so obstructed, were rendered much less valuable and plaintiff was, by reason of such obstruction, greatly harrassed and worried and was put to great inconvenience and expense, show a sufficient cause of action for the plaintiff's individual reparation, as distinguished from a suit in behalf of the public.

3. *Same; admissibility of evidence.*—In an action to recover damages for the wrongful obstruction of a public road, where it is alleged in the complaint that the plaintiff's homestead and his mills, which abutted upon said public road, were rendered much less valuable, and the plaintiff was harrassed and worried and was put to great inconvenience and expense, it is competent for the plaintiff to introduce in evidence testimony relating to the inconvenience caused to himself and family to visit the neighboring post office, church and schools.

4. *Commissioner's court; when entry not a judgment.*—Where an entry is made upon a book, which was not the record kept by the court of county commissioners, but is a docket kept by the commissioners themselves for their convenience, and it is not shown that said entry was made by the judge of probate by order of the court of county commissioners, said entry can not be introduced in evidence or considered as a judgment of the court of county commissioners.

[Goggans v. Myrick.]

5. *Charge of court to jury; abstract charges.*—Charges which assert correct propositions of law, but which are abstract as applied to the evidence of a particular case, should be refused; but the giving or refusal of such charges will not work a reversal of the judgment.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

This was an action brought by the appellee against the appellant. The complaint contained three counts. The first count of the complaint was as follows: "The plaintiff claims of the defendant five thousand dollars damages, for that, heretofore, to-wit, on or about April, 1898, defendant wrongfully obstructed a certain public road which ran through section 29, township 15, range 4 west, and as a proximate consequence thereof, plaintiff, whose homestead abutted upon said road and who owned and operated a saw mill, grist mill, cotton gin, and wheat thresher upon land abutting upon said public road, was put to great inconvenience and expense in getting to and from his said homestead and said enterprises, and in moving freight, live stock, machinery, grain, and other things to and from his said homestead and to and from his said saw mill, grist mill, cotton gin, and wheat thresher, and access to which was rendered greatly more difficult and lengthy, and plaintiff lost a great amount of custom for his said saw mill, grist mill, cotton gin and wheat thresher, and failed to make a great amount of money which he would otherwise have made doing work for the public at said saw mill, grist mill, cotton gin, and wheat thresher, and plaintiff's said homestead, and his said saw mill, grist mill, cotton gin and wheat thresher were rendered greatly less valuable, and plaintiff was greatly harrassed, and worried, and suffered great mental pain, and was put to great inconvenience and expense." The second count of the complaint was identical with the first, with the exception that it was alleged therein that the obstruction was placed across the public road by the defendant on the 13th day of November, 1899. The third count of the complaint was as follows: "Plaintiff claims of defendant the further sum of five thousand

dollars damages, for that heretofore, to-wit, on the 13th day of November, 1899, defendant wrongfully obstructed a road, to which and through which plaintiff had the right of access for himself, his family, and those desiring to transact business with plaintiff, to whom the use of said road was necessary or convenient, which said road ran through section 29, township 15, range 4 west, in Jefferson county, Alabama, and as a proximate consequence thereof, plaintiff, whose homestead abutted upon said road, and who owned and operated a saw mill, grist mill, cotton gin, and wheat thresher, at which he sought the patronage of the public, suffered the injuries and damages set out in the first count of this complaint."

To each count of the complaint the defendant demurred upon the following grounds: 1. It fails to aver the nature and character of the alleged obstruction.     2. Said alleged public road is not sufficiently described in any of the counts of the complaint.     3.     The plaintiff fails in each count to allege the facts upon which the damages claimed are based.     4.     The damages claimed are not shown to be different in degree and kind from those suffered by the public at large.     5.     The damages claimed are too remote and are not the proximate consequences of the alleged wrongful obstruction.     The defendant also moved to strike from the first and second counts of the complaint the allegations thereof relating to the inconvenience and damages sustained by the plaintiff, upon the ground that the damages claimed were not shown to be the proximate consequences of the alleged obstruction and were too remote.     The motions to strike from the first and second counts of the complaint that portion of each count, was overruled.     The demurrer was sustained.     Thereupon the plaintiff amended his complaint by adding to each count thereof the following averment:     "The said road was a part of the road formerly known as the Elyton and Jasper road, or the Warrior Trace, and at the time of said obstruction was known as the Birmingham and Jasper road, or Old Birmingham and Jasper road."

To the complaint as so amended, the same demurrer was interposed.     This demurrer was overruled, and the

cause was tried upon issue joined on the plea of the general issue.

On the trial of the cause, the plaintiff introduced evidence tending to show that he had his residence along the public road, which was described in the amended complanit, and that his property abutted said road; that upon his land that abutted said public road, he constructed and was operating a grist mill, saw mill, cotton gin; that said road had been used as a public road for 20 or 30 years, that the defendant also owned and lived on his property, which abutted said public road, and that at the time designated in the complaint, the defendant obstructed said road by building a fence across it. The plaintiff then introduced evidence tending to show that the obstructions so erected across the road by the defendant necessitated those persons going to his grist mill, saw mill, or cotton gin going a longer route and greatly inconvenienced him in the hauling of the products of his mill to market, and had occasioned him great loss and damage.

The plaintiff as a witness in his own behalf testified that the building of the fence across the road by the defendant made it necessary for the plaintiff and those going to and from his places to go around the place across the defendant's property to a road which had been opened by the county. That in doing this, it made it difficult and inconvenient for the plaintiff and his family in reaching the postoffice, church and schools. The defendant objected to the testimony of the plaintiff as to the inconvenience to himself and family going to the postoffice, church and school, and moved to exclude the same, upon the grounds that such special damages were not claimed in the complaint, and such testimony was irrelevant and immaterial. The court overruled the objection and motion, and to this ruling the defendant duly excepted.

The defendant introduced evidence tending to show that he did not erect the fence across the road in question until after the new road had been opened up by the court of county commissioners of Jefferson county; that after the opening up of the new road, the plaintiff

and those going to and from his house and mills could use the old road to where the fence was built across the road and then by going across the defendant's land get into the new road which was well kept up and maintained by the county authorities; that the old road had fallen into disuse, and that the use of the new road as testified to by the plaintiff and his witnesses was much more convenient to all parties concerned.

George L. Young was introduced as a witness for the defendant, and testified that he was a member of the court of county commissioners of Jefferson county for 1898, that he remembered a proceeding being had before said commissioners' court looking to the discontinuance of the public road which ran by where the plaintiff and the defendant lived. After he had testified that his recollection was that the road had been discontinued on the application of several of the citizens residing along said road, he was asked, on cross-examination, if he did not, as such commissioner, tell plaintiff, some time in the year 1898, that the court of county commissioners did not discontinue all of the old road. The defendant objected to this question, the court overruled the objection, and the defendant duly excepted. The witness then answered that he had made such a statement. The facts relating to the offer to introduce in evidence the supposed order of the commissioners court to discontinue said road is sufficiently stated in the opinion.

Upon the introduction of all the evidence the court at the request of the plaintiff gave to the jury the following written charges: (1.) "The court charges the jury that the writing introduced in evidence is no judgment." (2.) "The court charges the jury that the writing introduced in evidence from the commissioners court docket is not a judgment of said commissioners court." (3.) "The discontinuance by the commissioners court of a road does not in itself authorize any person to build a fence across the road so discontined." (4.) "If the jury believe from the evidence that the defendant built the fence across the old road for the purpose of harrassing or annoying the plaintiff, then the

[Goggans v. Myrick.]

jury are authorized to find punitive damages." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by him. The first, third, fourth, and sixth charges were the general charges in favor of the defendant upon the different counts of the complaint. (5.) "If the jury believe from the evidence in this case that the defendant has never obstructed the road on which plaintiff's homestead is located, then they must find for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $70. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN H. MILLER and JOSEPH R. TATE, for appellant. The demurrers to the complaint for failure to state nature and character of the obstruction and for failure in first and second counts in not stating that the public road was in Jefferson county should have been sustained. The venue is necessary to every traversable fact and must be stated in the complaint.—5 Amer. & Eng. Ency. of Law, p. 354; *S. & N. Ala. R. Co. v. Schaffner,* 78 Ala. 567; *Shero v. Casey,* 35 Minn. 423. A person is held responsible only for the natural consequences of his acts, remote damages are not recoverable.—5 Amer. & Eng. Ency. of Law, p. 5; *Shero v. Casey, supra.* Special damages to be recovered must be specially averred.—*Dowdell v. King,* 97 Ala. 635; *A. G. S. R. R. Co. v. Tapia,* 94 Ala. 226; 1 Chitty on Pleadings, 458; *Rice v. Coleridge,* 121 Mass. 393; *Hooper v. Armstrong,* 69 Ala. 343; *Pollock v. Gantt,* 69 Ala. 373; 5 Amer. & Eng. Ency. of Law, 50. What witness George L. Young stated to appellee in absence of appellant as to action of commissioners court should have been excluded.—*Jackson v. Smith,* 75 Ala. 97; *Motes v. Bates,* 80 Ala. 385. Any order of courts of county commissioners is prima facie evidence of the facts passed on in the order; nor can such order be collaterally impeached. *Commissioners Court Talladega County v. Thompson,*

15 Ala. 140; s. c. in 18 Ala. 694; *Barnett et als. v. State ex rel.*, 15 Ala. 829; Elliott on Roads and Streets (2d ed.), p. 344, § 329.

JOHN T. SHUGART and BOWMAN, HARSH & BEDDOW, *contra.*—The demurrer to the amended complaint was properly overruled.—*L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala. 237; *Laughran v. Brewer*, 113 Ala. 509.

"Once a highway, always a highway."—Elliott on Roads and Streets, §§ 871, 875.

The extract introduced in evidence from the docket kept by the commissioners is not shown to be a judgment binding on plaintiff.—Code, § 959; Freeman on Judgments, (4th ed.), § 410.

Plaintiff suffered such special injury as authorized him to maintain an action for a public nuisance. *Brown v. Watcrous*, 47 Mich. 161; Elliott on Roads and Streets, § 669; Wood on Nuisances, § 656.

SHARPE, J.—This suit is for the recovery of damages for an alleged wrongful obstruction of a public road. It is personal in its nature and, therefore, of the class which under section 4205 of the Code may be brought in the county of the defendant's residence as well as in that where the act complained of was done. The road's location did not determine the court's jurisdiction of the case, and was only necessary to be alleged in the complaint in such way as to notify the defendant of the cause of action. The complaint meets that requirement both in respect of the character of the wrong and of the place of its commission.

The inconvenience alleged to have resulted to plaintiff from the obstruction in hindering ingress to and egress from his abutting homestead, was a species of injury which bore peculiarily on him and was a sufficient predicate for an action for his individual reparation, as distinguished from a suit in behalf of the public.

The complaint was neither subject to the demurrer nor to the motion to strike out averments of damage. The motion included the alleged inconvenience to travel

which was certainly proximate injury, and was too broad to raise the question of whether the alleged loss of profit to business was remote.

Plaintiff's testimony relating to inconvenience caused to himself and family in visiting the neighboring post-office, church and schools, was within the complaint's averment of damages and was properly admitted.

The testimony elicited from Young against defendant's objection, even if not within the permissible scope of cross-examination, was apparently not injurious to defendant; and for that reason, if for no other, its admission is not cause for reversing the judgment.

Without dispute it was proven that for more than twenty years before it was closed by defendant's fence, the road in question had been a public road. To show it had been discontinued as such defendant relied on an entry purporting to order such discontinuance appearing on a book labelled "Commissioners Docket, 1898, Jefferson County." Other than by the book itself its character was shown only by the testimony of a witness who had been a member of the commissioners' court. He testified that that court kept a record of its proceedings. In the language of the transcript, "the witness further testified that he docketed the application above shown (to discontinue the road) but did not write anything else pertaining thereto and do not recognize the handwriting. This docket is not the record kept by the probate or court of county commissioners, but is the docket kept by the commissioners themselves. At that time the probate judge kept minutes of court of county commissioners." We think this evidence fails to establish the entry referred to as a judgment. The probate judge is *ex-officio* the principal judge of the commissioners' court, and is the officer designated by the statute to record its proceedings.—Code, § 959. The presumption is that he performed that duty, and the evidence shows this docket was not used by him for making such records. To become efficacious, judgments of courts of record must be formally entered of record in the place adopted pursuant to law and the usage of the court for that purpose. Thereafter they can be

proved only by evidence of the contents of that record. Dockets used for memoranda wherefrom the record is made up do not evidence the judgment.—1 Greenl. Ev. §§ 508-513; Freeman on Judgments, § 409. The evidence leads to the conclusion that such was the character of the book containing the entry mentioned, and that the court did not err in charging the jury that the entry was not a judgment, or in refusing to charge the jury affirmatively in favor of the defendant as to either count of the complaint.

A charge which asserts a correct proposition but which is abstract as applied to the evidence should be refused; but in general neither the giving nor refusal of such a charge will warrant a reversal of a judgment. Of this character are charges 3 and 4 given at plaintiff's request, and also number 5 refused to defendant.

No reversible error has been assigned. The judgment will be affirmed.