# Burgin *v.* Marx.

## *Trespass.*

(Decided Jan. 14, 1909.   Rehearing denied Feb. 5, 1909.
48 South. 348.)

1. *Evidence; Documentary Evidence; Execution of Bill of Sale; Corporation Officers.*—A bil of sale is sufficiently executed to be admissible in evidence where it is given for an automobile manufactured by the corporation, and executed in the name of the corporation by its president and general manager, who has general control and supervision of the business affairs of the corporation.

2. *Same; Relevancy; Value.*—Since the measure of recovery in trespass for the seizure and sale of personalty is the value of the personalty at the time of the seizure, evidence of efforts to sell the personalty several months after the seizure is not admissible to fix the value.

3. *Landlord and Tenant; Lien for Rent; Displacing Lien.*—A sale, in the regular course of trade, by a manufacturer of property manufactured by it displaces the lien of a landlord for rent on the goods manufactured and sold.

APPEAL from Jefferson Circuit Court.
Heard before Hon. A. A. COLEMAN.

[Burgin v. Marx.]

Action in trespass by Otto Marx against A. W. Burgin. From a judgment for plaintiff, defendant appeals. Affirmed.

The case made by the facts is that the Birmingham Electric & Manufacturing Company was indebted to Mrs. L. L. McConnell for rent for a storehouse or place of business, and that she sued out an attachment to enforce the claim, which was levied on an automobile and other property. At the time of the levy the automobile was in the house occupied by the corporation as its place of business, and was seized by Burgin as sheriff under the writ. The plaintiff, Marx, claimed that the machine was his, of which notice was given to the sheriff after the levy and before the sale, and that it was sold on venditioni exponas under order of the city court on judgment in the attachment proceedings. The bill of sale was executed on September 3, 1903, and was as described in the opinion. Attachment was sued out on March 31, 1904.

JOEL F. WEBB, and JAMES A. MITCHELL, for appellant. The court erred in the oral charge given.—*Abraham v. Nicrosi,* 87 Ala. 173; *Kyle v. Swem,* 99 Ala. 572. On the same authority, the court should have given the affirmative charge for the plaintiff. A sale in the regular course of trade is defined by the court in the following cases.—*Weil v. McWhorter,* 94 Ala. 540; *Seisal v. Folmar,* 103 Ala. 496; *Andrews v. Porter,* 112 Ala. 381, and authorities, supra. The court should have given written charge 3 requested by the appellant.—Sec 2716, Code 1896.

L. C. DICKEY, and GEORGE L. SMITH, for appellee. The plea of justification under legal process was not good.— *West v. Hayes,* 120 Ala. 92; *Albright v. Mills,* 86 Ala. 324; *Daniel v. Hardwick,* 88 Ala. 559; *Collier v. White,*

[Burgin v. Marx.]

97 Ala. 615; *T. C. I. & R. R. Co. v. Herndon,* 100 Ala. 451. The bill of sale was properly signed.—*Jinwright v. Nelson,* 105 Ala. 404. The only error committed by the court in the charges was in favor of the appellant. The court did not err in sustaining plaintiff's objection to questions asked the witness Long.—*Lasseter v. Black-well,* 128 Ala. 147; *Edisto Phosphate Co. v. Stanford* 112 Ala. 495; *Martin Machine Works v. Miller,* 132 Ala. 629. A landlord's lien against property kept by a tenant for sale is displaced by a sale thereof in the regular course of trade.—*Weil v. McWhorter,* 94 Ala. 540; *Andrews v. Porter,* 112 Ala. 381; 18 A. & E. Ency of Law, 346. The explanation of retention of possession was sufficient.—*Ullman v. Myrick,* 93 Ala. 532.

DOWDELL, J.—The plaintiff, Otto Marx, claimed title to the automobile in question under a purchase from the "Birmingham Electric & Manufacturing Company," a private corporation. The charter, among other things, authorized the corporation to engage in the business of manufacturing automobiles. The one in question was manufactured by said corporation. There was evidence tending to show that one J. M. Lansden was the president and general manager of the corporation, and "the active financial agent of the company, with general charge, control, and supervision of all its business affairs." The bill of sale of the automobile to Marx was executed in the name of the corporation by its president and general manager, J. M. Lansden. Under this showing we think there can be no doubt of the correctness of the ruling of the trial court in admitting the bill of sale in evidence.—*Jinwright v. Nelson,* 105 Ala. 404, 405, 17 South. 91.

There was no error in excluding the evidence of the witness Roscoe McConnell as to the efforts made to sell

the automobile after the purchase by Mrs. McConnell at the sheriff's sale. It was not made known to the court for what purpose this evidence was offered. The time was several months after the seizure by the sheriff, and, if the purpose was to fix the value, the answer is: If the plaintiff was entitled to recover for the trespass, he was entitled to recover the value of the property at the time of the seizure.

The real issue in the case was whether the plaintiff was a purchaser of the automobile from the Birmingham Electric & Manufacturing Company in the regular course of trade. It clearly appears from the record that the court, in the instructions given to the jury, both ex mero and at the request in writing of the defendant, limited the right of recovery by the plaintiff to this issue. There was evidence both for and against the plaintiff on this question, and the jury found for the plaintiff. If the plaintiff purchased in the regular course of trade, the lien of the landlord for rent of the premises in which the business was carried on by the seller, and in which the goods was kept, was thereby displaced.—*Andrews Mfg. Co. v. Porter,* 112 Ala. 381, 20 South. 475; *Weil v. McWhorter,* 94 Ala. 540, 10 South. 131; 18 Am. & Eng. Ency. of Law (2d Ed.) p. 346.

On this view of the case as tried below, other questions here presented by the assignments of error become immaterial, and the rulings of the court in respect to such questions, if erroneous, were without injury to the defendant. The cause having been fairly submitted to the jury on the single issue above stated, and no reversible error appearing of record, the judgment will be affirmed.

Affirmed.

Tyson, C. J., and Simpson, Anderson, Denson, and Mayfield, JJ., concur.