160 So. 242

**NAUVOO BLACK CREEK COAL CO. v.**
**JOHNSON et al.**

6 Div. 698.

Supreme Court of Alabama.
March 21, 1935.

Benners, Burr, McKamy & Forman, of Birmingham, and Arthur F. Fite, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellees.

**GARDNER, Justice.**

The appeal is by defendant from a judgment rendered on plaintiffs' complaint, claiming permanent injury to their land, which was used for agricultural purposes, alleged to have been caused by pollution of a stream of water running through the same.

█ The proof was conflicting as to whether or not the lands, comprising twenty-three acres, were in fact damaged, and that issue was properly left for the jury's determination.

█ Upon the question of damages, plaintiffs relied upon proof as to the value of the land before and after the overflow and within the one-year period of the statute of limitation. True, there was proof tending to show, the lands were less productive, but plaintiffs offered no evidence as to the value of any crop grown thereon, or anything upon which a finding for a loss of any crop could be sustained. And any averment in the complaint concerning the same was merely incidental to the one issue presented, the permanent injury to the land. Ala. Consolidated C. & I. Co. v. Vines, 151 Ala. 398, 44 So. 377.

Doubtless, speaking in the abstract, the court could have properly given defendant's refused charge 14 under Tutwiler Coal, Coke & Iron Co. v. Nichols, 146 Ala. 364, 39 So. 762, 119 Am. St. Rep. 34. In that case there appears more detailed evidence as to crops grown and their value, as appears from the opinion, and, as the case was to be reversed upon the refusal of 'an instruction concerning the matter of the statute of limitations, the court did not have presented, and therefore did not consider, whether or not the refusal of charge 4 (in that case) would, standing alone, have constituted error so prejudicial as to call for a reversal of the cause.

█ In the instant case it very clearly appears plaintiffs sought no damages for injury to any crop, and the trial court in the oral charge made it plain to the jury the sole and only issue was whether or not plaintiffs' lands were materially damaged, and that "the measure of damage will be the difference in the value of that land twelve months before the suit was filed and before the damage complained of was done, and its value after that damage was done, and at the time of the filing of the suit." True, there was some proof by plaintiffs that the land was rendered less productive, but no claim was made for damages for any crop, and this proof was of course proper for consideration of the question concerning the permanent depreciation of the land. Alabama Consolidated C. & I. Co. v. Vines, supra.

█ A reading of the record is persuasive that the cause was tried with the sole issue before the jury as to the difference in the value of the land. The trial court more than once in effect so charged the jury, and there is nothing upon which to rest any conclusion that the jury acted to the contrary. We conclude, therefore, that, conceding, for the purposes of this case only, the correctness of refused charges 13 and 14, it satisfactorily appears defendant was not prejudiced thereby, and that error to reverse is not made to appear. Newton v. Altman, 227 Ala. 465, 150 So. 698; Burgin v. Marx, 158 Ala. 633, 48 So. 348; Goggans v. Myrick, 131 Ala. 286, 31 So. 22.

██ Like observations are applicable to charge 15, refused to defendant, and this assignment of error needs no further consideration. The court in the oral charge stressed the fact that plaintiffs could recover only for substantial injury (Tenn. Coal, Iron & R. R. Co. v. Hamilton, 100 Ala. 252, 14 So. 167, 46 Am. St. Rep. 48), and gave for defendant charge 35, which reiterated this principle. In the light of these explicit instructions, we do not think the jury was misled by the omission of the words "substantial" or "material" in plaintiffs' given charge 3. The charge was not dealing with plaintiffs' right to recover so much as with defendant's rights in the use of the stream, and, while it may be termed misleading in its omissive character as indicated, the conclusion is that the jury were not misled thereby. A. G. S. R. R. Co. v. Smith, 178 Ala. 613, 59 So. 464.

The case, presenting no complication of either law or fact, appears to have been very fairly tried upon a single issue and with the aid of a full and clear charge of the trial court. We find no error justifying a reversal of the judgment rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.