# Birmingham Railway & Electric Co. *v*. Mason.

*Action against Common Carrier to recover Damages for Assault committed by Employee.*

1. *Common carrier; liability for assault committed by employe.*
   A common carrier is liable to any one sustaining the relation of passenger to it, for an injury resulting from the act of its servants or employees; but for an assault committed by a servant or employee of a common carrier upon a person not a passenger and having no relation with the carrier, the carrier is not liable unless committed by its authority or under its directions.

2. *Action against common carrier for assault of servant or employee; sufficiency of complaint.*—In an action against a common carrier to recover damages committed by a servant or employee of the defendant, a count of the complaint which does not show that the plaintiff sustained the relation of passenger to the defendant and fails to aver that the assault complained of was committed by the defendant's servant or agent while acting within the scope of his duty or by the authority of the defendant, is defective and liable to demurrer.

3. *Same; same.*—In such a case, in a count of the complaint which avers that the plaintiff was being carried as a passenger by the defendant, it is unnecessary to further aver that the assault complained of was committed within the scope of the duty of the servant or employee, or by the authority or under the direction of the employer.

4. *Witness; cross examination of Hebrew as a witness.*—Where a Hebrew has been examined as a witness in a case, the question asked him on his cross examination "Do you consider an oath binding when you take it without your hat on?" is not subject to a general objection of the party introducing such witness, and the court does not err in overruling a general objection to such question.

[Birmingham Railway & Electric Co. v. Mason.]

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, James Mason, against the Birmingham Railway & Electric Company, to recover damages for an assault committed upon him by an employee of the defendant, the plaintiff claiming $5,000 damages. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff, assessing his damages at $550. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant, cited *Teague v. Bass,* 131 Ala. 422; *Railway Co. v. Clay,* 108 Ala. 236; *Railway v. Owen,* 135 Ala. 154.

BOWMAN, HARSH & BEDDOW, *contra.*—The demurrer to the first count raises the question that the count fails to allege that the agent committing the assault was acting within the scope of his duty. The count avers that plaintiff was defendant's passenger at the time of the assault, and upon this it became the duty of defendant, not only to refrain itself from assaulting plaintiff, but to actively protect plaintiff against assaults of strangers, and *a fortiori,* against the assaults of its own agents, whatever the scope of their duty might be.—*Bir. R. & E. Co. v. Baird,* 130 Ala. 334; *A. G. S. R. R. Co. v. Yarbrough,* 83 Ala. 238; *A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45; *Southern R. Co. v. Wiedman,* 119 Ala. 565.

The question asked the Jew as to considering an oath binding was not subject to the general objection.— *Barron v. Barron,* 122 Ala. 194; *Washington v. State,* 106 Ala. 58; *Montg. F. Co. v. Hardaway,* 104 Ala. 101; 3 Mayfield's Digest, 575, § 2753.

HARALSON, J.—The first count in the complaint avers, that "while plaintiff was engaged in or about becoming a passenger on said car, or being carried as

a passenger on said car, defendant's servant or agent assaulted and abused plaintiff," etc.

The second count avers, that while plaintiff was in said car, or engaged in or about boarding the same, defendant through its servant or agent wrongfully assaulted and abused plaintiff," etc.

Each count was demurred to separately on the same grounds, for that it did not appear in and by said counts that the alleged agent was at the time of the assault, acting within the scope of his duty that it did not appear that the defendant owed any duty to the plaintiff; that it did not appear therefrom that the plaintiff was a passenger on defendant's car, and that it did not appear that the assault was wrongful.

The first count purports to state two grounds for recovery, the first, that plaintiff "was engaged in or about becoming a passenger," and the second, "or (that plaintiff was) being carried as a passenger" The allegation that plaintiff "was engaged in or about becoming a passenger on said car," shows no relation between him and the company as a passenger. He may have been engaged in and about such business, and yet failed to carry out his intention. From aught appearing, he may have been at a distance from the train, and the conductor, if that were important, may not have known of his intentions to become a passenger. Until some offer to become a passenger, the conductor was not bound to know that he would become such.—Hutch. on Carriers, § 538; *North B. R. Co. v. Liddencoat*, 99 Ala. 546. It is not averred that the assault by the servant or employe of the company was done by the authority of the company, or by its servant or agent while acting within the scope of his duty. If an assault is committed by a servant of a common carrier or passengers, upon a person not a passenger, and having no relation with the carrier, nor in any way encroaching upon the rights of the carrier, the carrier is not liable for the assault unless committed by its authority or under its direction.

Common carriers owe the duty to passengers to carry them safely, to conserve by every reasonable

means their convenience, comfort and peace throughout the journey, and protect them from insult and personal violence, whether from another passenger, or stranger, or an employe or servant of the carrier.— *Birmingham R. & E. Co. v. Baird,* 130 Ala. 334.

The first count in so far as it sought a recovery on the first ground mentioned therein was defective and liable to demurrer, in not averring that the assault was committed by the defendant's servant or agent while acting within the scope of his duty or by the authority of the defendant.

The second ground stated in the count, on which recovery was sought, was sufficient to show that plaintiff was being carried as a passenger, and it was unnecessary as to it, that there should have been an averment that the assault was committed within the scope of the duty of the servant or employe.

The second count does not aver that at the time of the alleged assault, the plaintiff was being carried by defendant on its cars as a passenger, and fails to aver that he was assaulted by the defendant or under its authority, and for this reason, was liable to the demurrer interposed.

Levy, who it appears was a Jew, examined in chief by defendant, was asked by the plaintiff on the cross: "Do you consider an oath binding when you take it without your hat on?" There was a general objection to the question, which the court overruled. The witness answered: "In our country, when we go to our Jewish laws, we are bound to be sworn with our hats on. * * Under the Jewish law in the old country, an oath is not considered binding unless you are sworn with the hat on. If I was in the old country, I would not consider myself bound to tell the truth unless the oath (was) with my hat on." We find no error in this ruling of the court.

This disposes of the only errors assigned, except the motion for a new trial, which there is no necessity to consider.

Reversed and remanded.