[Birmingham Railway, Light & Power Co. v. Anderson.]

# Birmingham Railway, Light & Power Co. v. Anderson.

### *Injury to Passenger.*

(Decided Dec. 1, 1911. 57 South. 103.)

1. *Pleading; Matters of Fact or Conclusion.*—It is for the court to draw the conclusion from the facts alleged in the complaint as to what duty, if any, is owing from defendant to plaintiff, and hence, a statement of the pleader's conclusion in a complaint counting on the alleged negligence or wrong of another cannot be accepted as a substitute for appropriate averments of facts, out of which the duty is supposed to have arisen.

2. *Carriers; Passengers; Duty to Receive and Transport.*—The public character of the business of the common carrier of passengers imposes on such carrier the duty of receiving and carrying without discrimination all persons fit to be carried who may properly present themselves for transportation so long as there are accommodations for passengers in its vehicle.

3. *Same; Rules.*—A common carrier of passengers may establish reasonable rules and regulations in regard to the times and places of receiving passengers.

4. *Same; Refusal to Accept as Passengers; Complaint.*—Where the action was against a common carrier of passengers for damage for refusal to accept plaintiff as a passenger, a complaint alleging that plaintiff on a certain date applied to the servants or agents of the carrier in charge of one of its cars for transportation thereon, but such servant, acting within the line and scope of his employment wrongfully and without legal excuse refused to permit plaintiff to become a passenger on the car, or to be transported thereon, and that her intention and desire to become a passenger and be transported was known to the servant, was not sufficient to show such a relation between plaintiff and the carrier as to put the carrier under duty of accepting such person as a passenger.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. Ferguson.

Action by Winnie Anderson against the Birmingham Railway, Light & Power Company for damages for refusing to transport her. Judgment for plaintiff and defendant appeals. Reversed and remanded.

[Birmingham Railway, Light & Power Co. v. Anderson.]

. TILLMAN, BRADLEY & MORROW, and FRANK M. DOMI-NICK, for appellant. The complaint did not sufficiently disclose such relation between the plaintiff and defendant as to raise the duty on defendant to carry her as a passenger.—*N. Bir. Ry. Co. v. Liddicoat*, 99 Ala. 546; *Pullman Car. Co. v. Kraus*, 145 Ala. 395; 4 St. Ry. Rep. 571; 107 Am. St. Rep. 298; 80 S. W. 86; 41 South. 307; 2 Hutch. on Carriers, secs. 963 and 966; 4 Elliott on Railroads, secs. 1574-1577. The complaint did not aver sufficient fact to authorize the court to draw the conclusion therefrom that defendant owed the plaintiff any duty in the premises.—*Leach v. Bush*, 57 Ala. 145; *Ensley Ry. Co. v. Chewing*, 93 Ala. 25; *Gadsden Ry. Co. v. Julian*, 133 Ala. 373; *L. & N. R. R. Co. v. Holland*, 164 Ala. 73. Counsel discuss other assignments of error, but in view of the opinion, it is not deemed necessary to here set them out.

ALLEN & BELL, for appellee. The complaint was sufficient.—*B. R., L. & P. Co. v. Adams*, 146 Ala. 266; *Armstrong v. Mont. St. Ry.*, 123 Ala. 233; *L. & N. v. Hall*, 91 Ala. 117. Counsel discuss errors assigned as to evidence and the instructions of the court, and cite authorities in support of the court's action, but it is not deemed necessary to here set them out.

WALKER, P. J.—The grounds of demurrer assigned to count 1 of the complaint as amended distinctly raised the question of the sufficiency of its averments to show the existence of a duty on the part of the defendant (the appellant here) to accept the plaintiff as a passenger, that being the only duty claimed to have been breached.

It may be regarded as settled that it is for the court to pronounce the conclusion, from the facts or circumstances alleged in a complaint, as to what, if any duty

it shows was owing by the defendant to the plaintiff; and that as to this feature of a complaint counting on the alleged nonfeasance or misfeasance of another a statement of the pleader's conclusion on the subject cannot be accepted as a substitute for appropriate averments of the facts out of which a duty is supposed to have arisen.—*Tennessee Coal, Iron & R. Co. v. Smith,* 171 Ala. 251, 55 South. 170; *Iron & Steel Co. v. Williams,* 168 Ala. 612, 53 South. 76; *Alabama Consolidated C. & I. Co. v. Hammond,* 156 Ala. 253, 47 South. 248; *Leach v. Bush,* 57 Ala. 145; *Ensley Railway Co. v. Chewing,* 93 Ala. 24, 9 South. 458.

The public character of the business of a common carrier of passengers imposes on one who undertakes it the duty of receiving and carrying without discrimination on a vehicle then in use by it for the purpose of public carriage all persons fit to be carried who may properly present themselves and seek transportation, so long as there are accommodations for passengers on such vehicle. The carrier may establish reasonable rules and regulations in regard to such matters as the times and places of receiving passengers.—*Pullman Car Co. v. Krauss,* 145 Ala. 395, 40 South. 398, 4 L. R. A. (N. S.) 103; *North Birmingham Railway Co. v. Liddicoat,* 99 Ala. 575, 13 South. 18; *Illinois Central R. Co. v. Smith,* 85 Miss. 349, 37 South. 643, 70 L. R. A. 642, 107 Am. St. Rep. 293, 299; 4 Elliott on Railroads, §§ 1574, 1575, 1576; 2 Hutchins on Carriers, §§ 963, 966.

Count 1 of the complaint in this case, as the same was amended, after alleging that the defendant was a common carrier of passengers for hire or reward, proceeds as follows: "Plaintiff alleges that on the date aforesaid she applied to the servant, agent, or employe of the defendant in charge of one of its said cars for transportation thereon, but that said servant, agent, or employe,

acting within the line or scope of his employment, wrong-fully and without legal excuse therefor, wholly failed or refused to permit plaintiff to become a passenger on said car, or to be transported thereon, as it was her intention or desire to become and to do. Said intention and desire then and there was well known to said servant, agent, or employe." The count contains no other averment of the facts or circumstances out of which the supposed duty to receive the plaintiff as a passenger arose. In considering these averments, the statement to the effect that the refusal to permit the plaintiff to become a passenger was wrongful and without legal excuse may be put out of view as expressive merely of the pleader's conclusion, and also because it has reference, not to the existence of a duty, but to the breach of it.—*North Birmingham Ry. Co. v. Liddicoat, supra.* The facts stated would be fully proved by evidence which showed that when plaintiff made known her desire to become a passenger she was at such a distance from the car as to require its detention for an unreasonable length of time to enable her to reach it; that the car on which she sought to become a passenger was then in motion and at a place at which it was against the reasonable rules or regulations of the defendant to take on passengers, and that it was not even a car which was then in use for the carriage of passengers. It hardly requires a resort to the rule of construing a pleading most strongly against the pleader to reach the conclusion that the facts stated fail to show the existence of such a relation between the plaintiff and the defendant as to put the latter under the duty of accepting the former as a passenger.—*Birmingham Railway & Electric Co. v. Mason,* 137 Ala. 342, 34 South. 207; *North Birmingham Ry. Co. v. Liddicoat, supra; Smith v. Birmingham Ry., L. & P. Co.,* 41 South. 307. Counsel for the appellee cite the

case of *Birmingham Ry., L. & P. Co. v. Adams,* 146 Ala. 267, 40 South. 385, 119 Am. St. Rep. 27, as supporting her contention that the count in question was not subject to the grounds of demurrer assigned against it. The facts stated in the complaint in that case showed the existence of the relation of passenger and carrier between the plaintiff and defendant. In other words, the existence of the duty there claimed to have been breached was disclosed by appropriate averments of the facts. This cannot properly be said of the count now under consideration. We are of the opinion that the demurrer to that count should have been sustained.

Reversed and remanded.