(85 South. 4)

## MUNSON S. S. LINE v. HORACE TURNER & CO. (1 Div. 108.)

(Supreme Court of Alabama. Jan. 22, 1920.)

SHIPPING ⬦106—PROOF OF DEFENDANT COMPANY'S KNOWLEDGE OF SPECIAL PURPOSE FOR WHICH INFORMATION FROM BILL OF LADING WAS REQUIRED HELD INSUFFICIENT.

In lumber shipper's action against steamship company for damages from failure to inform plaintiff what part of the shipped lumber was loaded on the steamship's deck and plaintiff's consequent failure to take out insurance on deck-carried lumber, so that plaintiff was not insured against the loss it suffered when such lumber was jettisoned, proof alone of usage on the part of such carriers to indorse on bills of lading the words "on deck at shipper's risk" when shipments were to be carried on deck was insufficient to prove the allegations of the complaint that information afforded by such notation was necessary, and that defendant knew it was necessary, to enable the shipper to notify the insurance company whether the lumber, or part thereof, was loaded on deck, or that defendant knew that the insurance company had agreed to issue such a policy.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Horace Turner, doing business as Horace Turner & Co., against the Munson Steamship Company, for loss of certain lumber. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Count 10 alleges a delivery by the plaintiff to the defendant of certain lumber to be shipped from the port of Mobile to a firm in Cuba to be carried for hire from Mobile to Cuba and there delivered. It also alleges an agreement by the defendant with the plaintiff for the benefit of the plaintiff that, if plaintiff would deliver the lumber the defendant would, by placing a notation or memorandum on bill of lading, which the defendant would issue to the plaintiff for such shipment of lumber, inform the plaintiff if such lumber or any part thereof was loaded on deck of said defendant's steamboat, knowing that such information was necessary to enable the plaintiff to notify the insurance company, if such lumber or any part thereof was loaded on deck of said steamboat, and obtain marine insurance on such lumber loaded on deck, which, as the defendant knew, the insurance company had agreed to issue to the plaintiff upon such information being furnished by the plaintiff. It further alleges the delivery of the lumber to the steamboat Trym, and the issuance to the plaintiff of the bill of lading therefor, but without any memorandum or notation that any of the lumber was loaded on deck. Because of a failure to place such notation or memorandum on bill of lading plaintiff did not and could not, inform the insurance company that said lumber was loaded on deck, and could not and did not effect insurance on the lumber loaded on deck, but did effect insurance on the lumber loaded below deck; that during the voyage, and without any negligence on part of the defendant, the lumber loaded on deck was jettisoned by those in charge of the steamboat on account of the perils of the sea, and was lost to the plaintiff; that if the notation or memorandum had been made on bill of lading plaintiff could and would have procured insurance on the lumber loaded on deck, and would have been paid therefor.

The other facts sufficiently appear.

Harry T. Smith & Caffey, of Mobile, for appellant. To have any effect, the custom must be certain, uniform, and reasonable. 12 Ala. 340; 7 Ala. 335; (D. C.) 78 Fed. 149. The party may always weigh provisions intended for his benefit, without violating the rights of the other fellow. 143 Ala. 485, 38 South. 1011; 188 Mass. 493, 74 N. E. 676; 13 C. J. 670. The evidence did not support the contract. 179 Ala. 480, 60 South. 295; 9 Exc. 341; 167 Ala. 434, 52 South. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; 202 Ala. 574, 81 South. 76. Counsel discuss other assignments of error not deemed necessary to be here set out.

Armbrecht, Johnston & McMillan, of Mobile, for appellee. Counsel insist that the same questions here presented were presented on the former appeals, but not insisted on by appellant's attorney, and therefore ought not to be now considered, under the authority of 155 Ala. 347, 46 South. 776; 194 Ala. 661, 69 South. 604; 7 Ala. App. 220, 60 South. 955; 4 C. J. 1100; 249 Ill. 388, 94 N. E. 502. The other questions argued are fully answered in the opinion on the former appeals and 202 Ala. 574, 81 South. 76.

SAYRE, J. Reports of this case on former appeals (16 Ala. App. 223, 77 South. 61, 81 South. 76) will disclose the general nature of the questions involved. On the present appeal the steamship company contends mainly that the proof in the trial court on the last trial failed to support several of the material allegations of count 10 of the complaint upon which the cause was tried. Pretermitting other differences between the parties, we think the contention should be sustained as follows:

In order to bring his case within the rule of Hadley v. Baxendale, 9 Exch. 341, as that rule is observed in this state (Bixby-Theirson Lumber Co. v. Evans, 167 Ala. 431, 52 South. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47) that is, in order to show that the parties to the contract for the carriage of lumber did contract with reference to insur-

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ance, plaintiff, doing business as Horace Turner & Co., did allege that defendant steamship company "agreed with the plaintiff that upon the loading by the defendant onto one of its steamships of such shipment of lumber, the defendant would, by placing a notation or memorandum on the bill of lading which defendant would issue to the plaintiff for such shipment of lumber, inform the plaintiff if such lumber, or any part thereof, was loaded on deck of said defendant's steamboat, knowing that such information was necessary to enable the plaintiff to notify the insurance company if such lumber or any part thereof was loaded on deck of said steamboat, and obtain marine insurance on such lumber loaded on deck, which, as defendant knew, the insurance company had agreed to issue to the plaintiff, upon such information being furnished by the plaintiff." Plaintiff (appellee) sought to incorporate the alleged agreement (to place a notation or memorandum upon the bill of lading) into the contract by proof of a custom or usage to that effect, so general and well understood in fact, with reference to the business, place and class of persons affected thereby, that the parties must be presumed to have made their contract with tacit reference thereto, and to have intended to be governed by it in the same way and to the same extent as other like persons in like cases. Wald's Pollock on Contracts, 315. The evidence went to show a usage on the part of carriers by sea to indorse on bills of lading the words "on deck at shipper's risk," when shipments were to be carried on deck, and appellant contends that this was not the usage alleged, nor did it operate to the alleged purpose and effect, the whole intention of a notation according to the usage proved being, appellant says, merely to indicate that shipments on deck would be at the shipper's risk, and having no reference to insurance. But, conceding without deciding that appellant is in error as to that, the court is of opinion that, on the evidence shown in the bill of exceptions, appellee failed to sustain his allegations to the effect that the information to be afforded by such a notation was necessary to enable him to notify the insurance company whether the lumber or any part thereof was loaded on deck, and to obtain the insurance which appellant knew the insurance company had agreed to issue to the appellee upon such information being furnished by the latter.

On the last appeal (81 South. 76[1]) we held that appellant's knowledge as alleged had been shown on the cross-examination of Cadzow, a witness for appellant. But at the trial now under review the witness Cadzow was not examined, and the question now is whether evidence was offered from which the trial court might reasonably have inferred knowledge as alleged. Certainly there

was no direct testimony to the same effect as that delivered by Cadzow on the former trial. But appellee argues that proof of the usage was proof of appellant's knowledge of the usage, of the purpose it was intended to serve, and of the fact, as alleged, that the insurance company had agreed to issue to appellant a policy of marine insurance upon being informed by appellee of the fact of his shipment of lumber on deck. Appellee would extend the force and effect of the usage too far. Conceding that the purpose of the notation or memorandum was as appellee says it was, still proof of the usage, without more, did not suffice to prove the allegation that appellant knew that the insurance company had agreed to issue a policy to appellee, or even that such information was necessary to enable the plaintiff to notify the insurance company that the lumber was loaded on deck, for these things were not within the usage alleged and proved.

After appellee's shipment of lumber had been lost at sea, and in reply to appellee's claim, propounded to Gibbony & Co., as agents of appellant at Mobile, to be reimbursed for the loss, Gibbony & Co., wrote two letters to appellee, which appear in the record, and appellee relies upon them as evidence to prove the allegations to which we have referred above. These letters denied all responsibility on account of the loss, denied the authority of Cadzow, with whom plaintiff had negotiated, and asserted, in effect, that the writers had no knowledge of the transaction in question, except from Cadzow after the fact. Conceding to appellee rulings on all other objections taken against the introduction of these letters, they were without the probative force appellee would assign to them, for the reason that the effect of Cadzow's statement was that plaintiff relied for information as to the stowage of his lumber on board appellant's vessel, not upon any custom or usage, but upon a communication promised by Cadzow—and communicated in fact, according to his statement as reported in the letters—while, as for Gibbony & Co., their knowledge, after the loss of the lumber, that appellee had desired to insure his shipment was not the knowledge alleged or necessary to be proved.

The parties for the purposes of the trial entered upon the agreement as to facts which appears on page 42 of the transcript, and appellee refers to that agreement as concluding inquiry as to the allegations in respect to the necessity for the notation upon the bill of lading for which appellee contended, and as well the allegation of appellant's knowledge that the insurance company had agreed to issue a policy upon information being furnished. Appellee says that—

"The only question which was left open under the agreement is whether or not the plaintiff [appellee] had notice of the location of the lumber."

[1] 202 Ala. 574.

Appellee has not heretofore so construed the agreement, for on both trials much evidence was taken to questions other than those to which the agreement specifically refers, without a suggestion that such questions had been concluded, nor do we so construe the agreement. We are clear to the conclusion that the agreement tended in no wise to prove that appellant knew that notice by notation on the bill of lading was necessary to enable appellee to procure insurance, or that appellant knew that the insurance company had agreed to insure appellee's lumber on being informed by such notation of its location on or under deck.

Permitting, as we said in the outset, other differences between the parties, our judgment on the record before us is that appellee failed to adduce evidence affording a reasonable basis for a finding that appellant had the knowledge alleged in the complaint and necessary to bring appellant's alleged default and damages flowing therefrom within the contemplation of the parties according to the rule of Hadley v. Baxendale. It results that the judgment must be reversed. Judgment will be here rendered for the appellant.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.