(92 South. 106)

## MOBILE LIGHT & R. CO. v. ELLIS.
(I Div. 210.)

(Supreme Court of Alabama.   January 10, 1922.)

**I. Pleading ⬦⟹34(4)—Construed most strongly against pleader.**

A pleading is construed most strongly against the pleader.

**2. Carriers ⬦⟹314(1)—Count failing to allege that car was operated for carriage of passengers, or that plaintiff boarding it intended to become passenger is defective.**

In an action for personal injuries to one boarding a car, a count which fails to allege that the car was being operated for the carriage of passengers, that defendant is a common carrier of passengers for hire, or that plaintiff was a passenger or intended to become such, is defective, in that it fails to show a relationship between the parties out of which a duty arose to plaintiff.

**3. Negligence ⬦⟹110—Complaint must show duty.**

In actions for personal injuries, the complaint should state facts from which a duty to plaintiff from defendant follows as a matter of law.

**4. Appeal and error ⬦⟹1170(5)—Rule as to affirmance despite omitted averments held inapplicable in absence of clear proof of, or specific instructions as to, facts not averred.**

In the absence of clear and specific proof of, or specific instructions as to, facts on which omitted averments, in an action for injuries to one boarding a street car, as to defendant's breach of a duty owed plaintiff as a prospective passenger, must rest, Supreme Court rule 45 (61 South. ix ¹) is inapplicable, and a judgment for plaintiff must be reversed, though the relationship of carrier and passenger and the duty arising therefrom was assumed.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by James C. Ellis, Jr., against the Mobile Light & Railroad Company. Judg-

ment for plaintiff, and defendant appeals. Reversed and remanded.

Count 2 of the complaint is as follows:

Plaintiff claims of the defendant the further sum of $10,000 damages for that heretofore, to wit, on the 31st day of August, 1920, the defendant was the owner and operator of a certain street railway car, propelled by electric motive power, with a certain trailer car thereto attached, operated over the defendant's line of railway on route from the city of Mobile, in the state of Alabama, and county of Mobile, to Chickasaw, in said state and county. That, upon said line of railway, there was a regular stopping place for said car at the intersection of Wilson avenue and Osage street, in or near the town of Toulminville, in said state and county. That then and there the proper and customary signal was given to those in charge of the said car to stop at said regular stopping place for the purpose of taking on passengers. Nevertheless, the said car was run past the said regular stopping place, and was brought to a stop at some distance, to wit, the distance of two car lengths, beyond the said regular stopping place. Thereupon it became and was the duty of the conductor upon the said car to exercise reasonable care to keep the said car stationary, and the entrance thereto open, long enough for passengers then and there boarding, or about to board, the said car to enter therein in safety. Nevertheless, the said conductor, whose name to the plaintiff is unknown, then and there a servant of the defendant, and acting within the line and scope of his employment, as such servant, as the plaintiff upon a run following alongside the said trailer car closely behind one Wilbur Rachels, who had just boarded and entered the said car, and as the said plaintiff was himself in the act of boarding and entering the said car, and being in the act of reaching his right hand for the handrail at the entrance of the said car, did negligently and carelessly, and without warning to the plaintiff, suddenly close the door to the entrance of the said car, thereby causing the plaintiff's right hand to be thrust violently through the glass panel in said door, severely cutting and wounding the plaintiff on and upon his right arm and right wrist, as the proximate result whereof and of the negligence of the defendant's said servant as aforesaid, the plaintiff was caused to lose much blood, and was caused to become weak, lame, and ill, and to lose the use of his said arm and his right hand for a long time, to wit, for many months, and to lose permanently the use of one or more fingers of his right hand, which are permanently deformed and stiffened, and was caused to suffer and did suffer much physical pain and mental anguish, and was caused to lose and did lose much time from his work and employment, and was caused to expend and did expend large sums of money in and about the cure of his said injuries, all to the damage of the plaintiff in the said sum of $10,000. Wherefore the plaintiff sues.

The facts sufficiently appear from the opinion of the court.

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

¹ 175 Ala. xxi.

Harry T. Smith & Caffey, of Mobile, for appellant.

The complaint alleged legal conclusions only and was subject to the demurrers. 99 Ala. 545, 13 South. 18; 3 Ala. App. 424, 57 South. 103; 6 Ala. App. 653, 60 South. 981; 201 Ala. 141, 77 South. 565. A plaintiff must recover for a breach of duty owing to him, and not for breach of duty owing to other party. 166 Ala. 540, 51 South. 996; 179 Ala. 304, 60 South. 927; 145 Ala. 212, 40 South. 407. It is not shown sufficiently that the plaintiff was attempting to board the car as a passenger. 100 Ala. 490, 14 South. 282; 97 Ala. 351, 12 South. 299; 93 Ala. 24, 9 South. 458; 133 Ala. 371, 32 South. 135; authorities supra.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

If there was any error in the ruling on the pleading, it was cured by the subsequent trial of the case. Rule 45, Supreme Court, 175 Ala. xxi, 61 South. ix; 200 Ala. 308, 76 South. 74; 98 Ala. 149, 11 South. 750, 18 L. R. A. 425, 39 Am. St. Rep. 19; (Ala.) 89 So. 581; 192 Ala. 543, 68 South. 814; 204 Ala. 543, 86 South. 469; 23 Cyc. 827. The count was sufficient and not subject to the demurrers. (C. C. A.) 266 Fed. 50; authority supra.

GARDNER, J. Plaintiff, appellee here, received an injury to his hand on one of defendant's cars while attempting to board the same, and brought this suit to recover damages therefor. The cause was tried upon count 2, pleas of general issue, and contributory negligence, resulting in judgment for plaintiff, from which defendant prosecutes this appeal.

[1, 2] Count 2 will appear in the report of the case. Its sufficiency was challenged by appropriate demurrer. The rule of course is well understood that pleading is to be construed most strongly against the pleader. It will appear that the count does not allege that the car was being operated by defendant for the carriage of passengers, nor is it averred that defendant is a common carrier of passengers for hire. It is to be noted also that the count fails to aver that plaintiff was a passenger or intended to become such; this is left entirely to be inferred. Jefferson Co. v. Gulf Ref. Co., 202 Ala. 510, 80 South. 798. The count therefore is defective in failing to show such relationship between the parties, out of which a duty arose to the plaintiff, and the breach of which duty must constitute the foundation of the cause of action. The demurrer should have been sustained. N. B'ham Ry. Co. v. Liddicoat, 99 Ala. 545, 13 South. 18; B'ham Ry. Co. v. Mason, 137 Ala. 342, 34 South. 207; Southern Ry. Co. v. Johnson, 144 Ala. 365, 39 South. 376, 113 Am. St. Rep. 48; B'ham Ry. Co. v. Littleton, 201 Ala. 141, 77 South. 565; B'ham Ry. Lt. & P. Co. v. Anderson, 3 Ala. App. 424, 57 South. 103; Tenn. Coal & Iron Co. v. Smith, 171 Ala. 251, 55 South. 170.

Counsel for appellee seek to save the cause from reversal by the application of rule 45 (61 South. ix [2]), as construed by this court in the following recent authorities: Best Park Amus. Co. v. Rollins, 192 Ala. 534, 68 South. 417; Taylor v. Lewis (Ala. Sup.) 89 South. 581; [3] Vance v. Morgan, 198 Ala. 149, 73 South. 406; Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 South. 74; Jackson v. Vaughn, 204 Ala. 543, 86 South. 469; B'ham South. Ry. Co. v. Goodwyn, 202 Ala. 599, 81 South. 339.

[3, 4] In view of the rule that pleadings are to be construed most strongly against the pleader, and the further rule that, in actions of this character, the complaint should state facts from which a duty from defendant to plaintiff follows as a matter of law (Tenn. Coal & Iron Co. v. Smith, supra), the writer is of the opinion that the complaint on this appeal fails to state a cause of action, as it fails to establish or express a breach of duty owing by defendant to plaintiff, and prefers to rest his conclusion for a reversal of the cause upon this ground. The other members of the court participating in the consultation of this cause, while seriously questioning the sufficiency of the count to state a cause of action, yet do not commit themselves to that conclusion but prefer to rest their concurrence in the reversal upon the following ground. None of the cases previously decided by this court giving application to the foregoing rule, have had for consideration a count so fatally defective as that here presented, and upon which alone the cause of action was tried. But in any aspect of the case, this cause cannot be said to be within the influence of the foregoing authorities last cited. There was no clear and specific proof of the facts upon which the omitted averments must rest, nor were these matters specifically charged by the court to the jury. The utmost that may be said, both as to the proof and instructions by the court to the jury, was that this relationship and the duty arising therefrom appeared to have been assumed. Under these circumstances, therefore, we are of the opinion that the case cannot be brought within the influence of rule 45, so as to save the cause from reversal.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

[2] 175 Ala. xxi.    [3] 206 Ala. 338.