(96 South. 773)

### MOBILE LIGHT & R. CO. v. ELLIS. ·
### (1 Div. 246.)

(Supreme Court of ·Alabama. June 7, 1923.)

**1. Carriers ☞314(1)—Facts alleged held to entitle plaintiff to protection of one in act of becoming a passenger on invitation.**

A count alleging that car was signaled to stop, that it overran the regular stopping place about two car lengths, where it stopped to take on passengers, and that, while plaintiff was in the act of boarding, the conductor suddenly closed the entrance door, thereby injuring plaintiff's hand, *held* to sufficiently allege facts which entitle plaintiff to the care owing by the carrier to one in the act of becoming a passenger by carrier's invitation, so that a demurrer on the ground that it did not appear that the plaintiff owed the defendant any duty was properly overruled.

**2. Carriers ☞247(3)—Invitation to become passenger on interurban car not limited to the one giving signal to stop.**

When a carrier by electric interurban car manifested its purpose to receive passengers at a point where the car was stopped, its invitation was not limited to those who signaled the car to stop.

**3. Carriers ☞287(5)—Must exercise care to prevent injury to one accepting invitation to become passenger.**

Where an invitation is extended by a carrier to take passage on its car by stopping the car for that purpose, it is a primary duty of the operatives in charge of the car to exercise reasonable care and diligence to see that no person in the actual process of accepting the invitation is in such position as to be injured if the car without warning moved, or the entrance thereto, without notice, closed.

**4. Pleading ☞8(1)—Averment of conclusion is not faulty if facts supporting it are alleged.**

A count is never faulty as averring a conclusion of the pleader if from the facts whi h are alleged the law itself ascribes the duty alleged as a conclusion.

**5. Appeal and error ☞232(1½) — Only grounds of demurrer assigned are to be considered on appeal.**

The review of the court's ruling in overruling a demurrer to a count of the declaration is confined to the grounds of demurrer interposed to the count.

**6. Limitation of actions ☞127(5)—Count defectively alleging cause of action can be amended after period has run.**

Where a count of a declaration for personal injuries had been held on a former appeal bad because it defectively stated a cause of action, and not because it failed to state any cause of action, it could be amended to cure the defects after the statute of limitation had run against the cause of action.

**7. Appeal and error ☞263(1)—Assignment of error in charge not considered in absence of exception thereto.**

An assignment of error to the oral charge of the court presents nothing for review where no exception appears to have been reserved to the matter referred to therein.

**8. Trial ☞253(4)—Requested charge denying recovery for want of proof of minor matter held misleading.**

In an action for injuries to plaintiff when the door of electric car was closed upon his hand as he was attempting to enter the car, where there was no claim that the car had not stopped to receive passengers before plaintiff attempted to enter, a requested charge that, unless the customary signal was given to stop the car at a regular stopping place, the jury could not find for plaintiff, was misleading, as predicated on a minor, relatively remote matter averred in the complaint and as excluding any references to the gravamen of plaintiff's cause of action.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Appeal and error ⟷1170(9)—Refusal of requested charge denying recovery on minor issue held not prejudicial.**

Where plaintiff sought to recover for the injury to his hand caused by the conductor closing the entrance in an interurban car as he was attempting to board it after it had stopped, and alleged incidentally that the proper signal had been given to stop the car, the refusal of a requested instruction denying recovery if the jury found no signal to stop the car had been given was not substantially prejudicial, and a judgment for plaintiff will not be reversed therefor under rule 45 (175 Ala. xxi, 61 South. ix).

**10. Trial ⟷85—Court need not separate legal from illegal part of writing offered.**

Where plaintiff on cross-examination of defendant's witness offered in evidence a written statement signed by the witness to impeach his testimony, and the only objection interposed was that it was an unsworn statement, and irrelevant, incompetent, and immaterial, it was not the duty of the court to separate the legal material in the writing from the illegal, if any.

**11. Witnesses ⟷379(4)—Statement contradicting material testimony of witness is admissible to impeach him.**

An unsworn written statement signed by a witness which was inconsistent with or contradicted material portions of the witness' testimony is admissible as affecting the credibility of the witness.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action for damages by James C. Ellis, Jr., against Mobile Light & Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

This is an action for damages for personal injuries received by Ellis, plaintiff, appellee. On former appeal, from a judgment in plaintiff's favor for $2,000 reversal was entered because of error in overruling demurrer to the count (2) reproduced in the report of that appeal. Mobile, etc., Co. v. Ellis, 207 Ala. 109, 92 South. 106. The complaint was rewritten after remandment, and as thus amended contains counts 1 and 2. Aside from the detailed description of plaintiff's injuries, count 1 and this amended complaint is as follows:

"(1) Plaintiff claims of the defendant the further sum of $10,000 damages, for that heretofore, to wit, on the 31st day of August, 1920, the defendant, being then and there a common carrier of passengers for hire, was the owner and operator of a certain street railway passenger car propelled by electric motive power, with a certain trailer car thereto attached, operated by the defendant over the defendant's line of railway for the carriage of passengers en route from the city of Mobile, in the state of Alabama, and county of Mobile, and other points along the said street railway line, to Chickasaw, in said state and county; that upon said line of railway there was a regular stopping place for said car at the intersection of Wilson avenue and Osage streets, in or near the town of Toulminville, in said state and county; that then and there the proper and customary signal was given to those in charge of the said car to stop at said regular stopping place for the purpose of taking on passengers. Nevertheless, the said car was run past the said regular stopping place, and was brought to a stop for the purpose of taking on passengers at some distance, to wit, the distance of two car lengths, beyond the said regular stopping place; thereupon it became and was the duty of the conductor upon the said car to exercise reasonable care to keep the said car stationary, and the entrance thereto open, long enough for the plaintiff and other persons then and there boarding, or about to board the said car as passengers, to enter therein in safety. Nevertheless, and notwithstanding the said duty owing by the said defendant and its servants to the plaintiff, the said conductor, whose name to the plaintiff is unknown, then and there a servant of the defendant, and acting within the line and scope of his employment as such servant, as the plaintiff, upon a run, following alongside the said trailer car closely behind one Wilbur Rachels, who had just boarded and entered the said car as a passenger, and while the said car was stationary for the purpose of receiving passengers, and as the said plaintiff was himself in the act of boarding and entering the said car for the purpose of becoming a passenger, and while the plaintiff was in the act of reaching his right hand for the handrail at the entrance of the said car, did negligently and carelessly, and without warning to the plaintiff, suddenly close the door to the entrance of the said car, and plaintiff avers that as the proximate result of such action of the said conductor the plaintiff's right hand was caused to be thrust violently through the glass panel in said door, severely cutting and wounding the plaintiff on and upon his right arm and right wrist. * * *"

The following demurrers, overruled by the court, were interposed to counts 1 and 2, respectively, of the complaint as last amended:

"(1) Because it does not appear from said count that the defendant had issued any invitation, either express or implied, to the plaintiff's boarding said car, or had in any manner consented to the plaintiff's becoming a passenger thereon.

"(2) Because it does not appear from said count that the said car was stopped for the purpose of taking on the plaintiff or any passengers other than those who had signaled the car to stop, or that the conductor at the time of closing said door had any reason to believe that the plaintiff was attempting to board said car as a passenger.

"(3) Because the allegation that it was the duty of the conductor upon said car to exercise reasonable care to keep said car stationary and the entrance thereto open long enough for the plaintiff and other persons then and there boarding said car or about to board said car

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as passengers to enter therein in safety is the mere conclusion of the pleader, and no facts are alleged in said complaint out of which said duty arose.

"(4) Because it does not appear from said count that at the time the said conductor closed said door he knew or that by the exercise of reasonable diligence he would have known that the plaintiff was then and there in the act of boarding and entering said car for the purpose of becoming a passenger.

"(5) Because, while it is alleged in said complaint that the plaintiff was, at the time that the conductor closed said door, in the act of boarding or entering said car for the purpose of becoming a passenger, and in the act of reaching his right hand for the handle rail at the entrance to said car, it does not appear that he was then in such a position that the said conductor either saw or could have seen him, or knew or could have known, that he was in the act of boarding or entering said car or reaching his right hand for the rail at the entrance of the car, or that the defendant owed the plaintiff at that time any duty to receive him as a passenger to look out for his presence.

"(6) Because it does not appear from the said count that the defendant owed the plaintiff any duty not to close the said door to the entrance of said car at the time and place when it did so."

To the second count:

"(1) Because while said count alleged that the said conductor did wantonly or willfully injure the plaintiff, it further alleges that said wantonness or willfulness consisted of suddenly closing the door to the entrance of the car without warning the plaintiff, and it does not allege that the said conductor had any knowledge that the plaintiff was then and there in such a position as to be injured by the closing of said door, so that it appears that the conclusion of the pleader that the said injury was wantonly or willfully inflicted is not supported by the facts alleged as to the manner of said injury."

Count 2 discloses the pleader's purpose to characterize substantially the same conduct of the defendant's street car conductor as a willful or wanton wrong, employing therein like terms descriptive of the occasion and means of injury already set forth in the first count. At the request of the defendant the court instructed the jury that there was "no evidence of wanton wrong on the part of the conductor of the defendant's car." It does not appear from the record that affirmative instructions were requested for defendant with respect to willful injury to plaintiff, or with respect to plaintiff's right to recover under count 2. However, in overruling plaintiff's demurrer to plea 2, a plea of contributory negligence, the court below interpreted the count (2) as charging simple negligence, not a willful or wanton wrong. Besides general traverse, the defendant asserted plaintiff's contributory negligence and the statute of limitations of one year.

There was judgment for the plaintiff for $5,000. The transcript does not contain any motion for new trial; hence no question of the amount of the verdict is presented for review.

Further statement of the case will be made in the opinion in connection with the particular matters urged for error.

Harry T. Smith & Caffey, of Mobile, for appellant.

The allegations of fact in the first count were wholly insufficient to show any duty owing to the plaintiff. The allegations that it was the conductor's duty to keep the car standing and the entrance open until plaintiff had entered, and that plaintiff was in the act of entering the car for the purpose of becoming a passenger, were mere conclusions of the pleader and added nothing. M. L. & R. Co. v. Ellis, 207 Ala. 109, 92 South. 106; North Birmingham R. Co. v. Liddicoat, 99 Ala. 545, 13 South. 18; B. R., L. & P. Co. v. Anderson, 3 Ala. App. 424, 57 South. 103; Smith v. B. R., L. & P. Co., 147 Ala. 702, 41 South. 307; B. Ry. & Elec. Co. v. Mason, 137 Ala. 342, 34 South. 207; Sou. Ry. v. Johnson, 144 Ala. 361, 39 South. 376, 113 Am. St. Rep. 48; B. R., L. & P. Co. v. Elmit, 6 Ala. App. 653, 60 South. 981; B. R., L. & P. Co. v. Littleton, 201 Ala. 141, 77 South. 565; Jefferson County v. Gulf Ref. Co., 202 Ala. 510, 80 South. 798. Before plaintiff can recover, he must show a duty owing to him; it is not enough that there is a duty owing to others. Sou. Ry. v. Drake, 166 Ala. 540, 51 South. 996; Sou. Ry. v. Stewart, 179 Ala. 304, 60 South. 927; Sou. Ry. v. Williams, 143 Ala. 212, 38 South. 1013. The second count was subject to the demurrers interposed. L. & N. R. Co. v. Mitchell, 134 Ala. 261, 32 South. 735; Blackmon v. C. of Ga., 185 Ala. 635, 64 South. 592. The ex parte statement of the witness Lodge was mere hearsay, and was not competent as original evidence for any purpose. Culver v. Ala. Mid. R. R., 108 Ala. 330, 18 South. 827; Ala. City Ry. v. Appleton, 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1181; T. & C. R. Co. v. Danforth, 112 Ala. 80, 20 South. 502; West Ry. v. Turrentine, 197 Ala. 603, 73 South. 40; L. & N. R. Co. v. Bogue, 177 Ala. 349, 58 South. 392; Robinson v. State, 14 Ala. App. 25, 70 South. 960. Charge 4 was erroneously refused the defendant. Munson S. S. Line v. Turner & Co., 203 Ala. 690, 85 South. 4.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

If an error has intervened in any matter of pleading or procedure in any civil case, the judgment following will not, on this account, be reversed, unless the court be of the opinion, as a matter of fact, that this error has probably injuriously affected substantial rights of the parties complaining. Supreme Court rule 45 (175 Ala. xxi, 61 South. ix); Jackson v. Vaughn, 204 Ala. 543, 86 South.

469; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 South. 74; Vance v. Morgan, 198 Ala. 149, 73 South. 406; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; Taylor v. Lewis, 206 Ala. 338, 89 South. 581. The erroneous overruling of demurrers to defective counts of a complaint is harmless error, where these counts were charged out of the case. Birmingham Bottling Co. v. Morris, 193 Ala. 627, 69 South. 85; C. of Ga. Ry. Co. v. Faust, 17 Ala. App. 96, 82 South. 36. A statement in writing made by a witness shortly after the accident which resulted in the injury complained of, which involves the witness in material contradictions is admissible in evidence. Porter v. L. & N. R. R. Co., 202 Ala. 139, 79 South. 605; Stinson v. Faircloth-Byrd Co., 3 Ala. App. 607, 57 South. 143. An objection to a written statement as a whole without pointing out the objectionable parts is properly overruled, if any portion of such statement is admissible in evidence. Weaver v. State, 139 Ala. 130, 36 South. 717; Wright v. State, 136 Ala. 139, 34 South. 233; King v. Franklin, 132 Ala. 559, 31 South. 467; Longmire v. State, 130 Ala. 66, 30 South. 413; Edmondson v. Anniston City Land Co., 128 Ala. 589, 29 South. 596. A person attempting to board a street car, at a point at which such street car has come to a stop for the purpose of taking on passengers, with the intent to become a passenger, is a passenger. B. & A. R. R. Co. v. Norris, 4 Ala. App. 363, 59 South. 66; Sweet v. B. Ry. & Elec. Co., 136 Ala. 166, 33 South. 886; Ala. Mid. Ry. Co. v. Horn, 132 Ala. 407, 31 South. 481; Montgomery & Eufaula R. R. Co. v. Stewart, 91 Ala. 421, 8 South. 708. It is the duty of the operator of a street railway car, when signaled to stop, not only to stop a reasonable time for passengers to enter the car, but to see and know, before starting again, that no one is in the act of alighting or entering the car, or in any other perilous position. Birmingham U. Ry. Co. v. Smith, 90 Ala. 60, 8 South. 86, 24 Am. St. Rep. 761; B. L. & P. Co. v. Lee, 153 Ala. 79, 45 South. 292. Philadelphia Rapid Transit Co. v. Alcorn (C. C. A.) 266 Fed. 50.

McCLELLAN, J. Following remandment on former appeal (207 Ala. 109, 92 South. 106) the reconstruction of the complaint appears to have been undertaken with the view to obviate the defects then pointed out. It is insisted for defendant (appellant) that faults in the complaint, heretofore adjudicated, still persist.

It appears from the averments of amended count 1: (a) That the defendant was a common carrier of passengers over the line of railway described therein; (b) that a regular stopping place on the line was at the intersection of Wilson and Osage streets; (c) that a proper and customary signal was given the operators of the car to stop at such regular stopping place for the purpose of taking on passengers; (d) that said car overran the regular stopping place about two car lengths, where it was stopped "for the purpose of taking on passengers"; (e) that it thereupon became the duty of the conductor to exercise reasonable care to keep the car stationary, the entrance open, long enough to enable persons boarding the car to enter with safety; and (f) that, while plaintiff was in the very act of boarding the then stationary car, the conductor negligently suddenly closed the entrance door, thereby injuring plaintiff, who was then in the act of "reaching his right hand for the handrail at the entrance of the said car."

[1] According to the facts averred the plaintiff was then due, from the carrier's representative, the care to which one is entitled who is in the very act of becoming a passenger on the carrier's invitation. 10 C. J. pp. 612–617, 622; 4 R. C. L. p. 1038; Nellis on Street Railways (2d Ed.) § 259; L. & N. R. R. Co. v. Glascow, 179 Ala. 251, 258, et seq., 60 South. 103.

[2, 3] In the circumstances averred the carrier, through its employees, manifested the carrier's purpose to receive passengers at the point where the car was stopped—extended an invitation to that end; an invitation that the averments disclose was in fact fully accepted by another person closely behind whom the plaintiff moved to the entrance of the car. The fact that such other person alone signaled the car to stop did not, under the circumstances averred, restrict the invitation to that person, unless the unsound view should be sanctioned that only those signaling the stopping of a street car at a regular stopping place for the reception of passengers were or could be within the purview of the thus manifested invitation of the carrier to become a passenger. Where such an invitation as that described in count 1 to take passage is extended, and the relation of the person to the carrier's car or cars is as the facts averred in count 1 disclose, it is a primary duty of the operative or operatives in charge of the carrier's car or train to exercise reasonable care and diligence to see that no person, in the actual process of accepting such invitation in the usual way, is so related to the car or train as that, if it were without warning moved, or entrance thereto without notice closed, the intending passenger would likely be injured, or his entry denied or obstructed. Sweet v. B. R. & E. Co., 136 Ala. 166, 33 South. 886; Highland Ave. R. R. Co. v. Burt, 92 Ala. 291, 295, 296, 9 South. 410, 13 L. R. A. 95, approving, after ample statement of pertinent doctrine, the excerpt from the instructions reproduced on pages 292, 293, of 92 Ala. (9 South. 410, 411).

[4] The facts averred in count 1 invoke the application of the stated rule of primary duty, thereby imposing upon the conductor

the duty alleged in the count, and, in consequence, justifying the pleader's averment therein asserting and characterizing the conductor's obligation in the premises in the manner and form set forth in the count. A count is never faulty as averring a conclusion of the pleader if, as here, from the facts averred, the law itself ascribes to the party or to the operative charged the duty alleged. The court did not err in overruling grounds 3, 4, and 5 of the demurrer to count 1.

Grounds 1 and 2 of the demurrer to count 1 proceed upon theories that, to sustain, would have required an assumption contradictory of unequivocal effects the law attached to the allegations of fact set forth in the count. It is expressly averred in the count that the car was stopped "for the purpose of taking on passengers" at the distance of two car lengths beyond the regular stopping place.

The sixth ground of demurrer, if anything more than general (Code, § 5340), was designed to express a view opposed to the stated rule of primary duty under the facts alleged in the count.

[5] Count 1 was not subject to any ground of demurrer interposed to it, to which, of course, the review on this aspect of the case is confined. The rulings on demurrers to the second count introduced no reversible error. The cases relied upon as supporting theories proposed by the demurrers are to be discriminated by' reference to the materially different averments, facts, and circumstances presented for review. To illustrate: In the Liddicoat Case, 99 Ala. 545, 548, et seq., 13 South. 18, the complaint, quoted in the opinion, averred no fact that disclosed an invitation to that plaintiff to become a passenger.

[6] The court instructed the jury to the exclusion of the issue predicated on the plea of the statute of limitations of one year, and refused defendant's request for instruction that would have concluded plaintiff's right to recover under counts added by amendment; this on the theory that the original complaint, considered on former appeal (207 Ala. 109, 92 South. 106) did not state a cause of action; was so fundamentally faulty as that it would not have sustained a judgment, by default or otherwise. Only the writer of the opinion on former appeal entertained the view that count 2 (there considered) failed "to state a cause of action"; whereas the other justices passing upon that appeal rested their conclusion upon error in overruling demurrer to the count. The count was simply a defective statement of a good cause of action. There is, of course, a material difference between a defective statement of a cause of action and a statement of a defective cause of action. The count (2) treated on former appeal was of the former class. The perfection of the plaintiff's complaint against the defendant arising out of the same event or transaction, through the introduction, more than one year after the injury, by amendment, of counts 1 and 2, set forth in the statement of the case, was effectual, under the provisions of Code, § 5367, to avert the running of the statute of limitations placed; and the court properly so advised the jury. Assignments of error 9 and 10 are without merit.

[7] No exception appears to have been reserved to the matter quoted in the seventh assignment from the oral charge of the court; so that assignment presents nothing for review.

The court refused this request of defendant for instruction:

"(X) The court charges the jury that, unless you are reasonably satisfied from the evidence that the proper and customary signal was given to those in charge of the said car to stop at the regular stopping place at Wilson avenue and Osage street for the purpose of taking of passengers, you cannot find a verdict for the plaintiff."

[8] The plaintiff testified:

"I saw Mr. Rachels [who, later on this occasion, when the car overran the usual stopping place about 60 feet, was accepted as a passenger] give a signal at the regular stopping place for the car to stop. He walked out and stood by the line. That is the usual and customary signal."

This testimony tended to support the amended complaint's allegation:

"That then and there the proper and customary signal was given to those in charge of the said car to stop at said regular stopping place for the purpose of taking on passengers."

[9] As appears from the averments of counts 1 and 2 of the complaint as last amended, as well as from the evidence, the cause and means of this plaintiff's injury were not at all related to the movement of the car before it stopped some 60 feet beyond the regular stopping place, but was referred and referable alone to what occurred after such stop, a point of time in which and an event out of which the negligence asserted in plaintiff's pleading and evidence could only have intervened. In the circumstances indicated, the requested instruction last quoted (X) if not otherwise faulty, possessed misleading quality in this: That it would have concluded against plaintiff's right to recover upon an hypothesis, predicated of a minor, relatively remote matter averred in the complaint, that was so unduly contracted as to exclude any recourse of reference to the gravamen of plaintiff's cause of action, as affirmatively averred in the amended complaint and as supported by tendencies of the evidence. Furthermore, the imputation of reversible error, because of the refusal of this request (X), could not be justified with-

out exalting the stated averment of antecedent action, material in some senses, but relatively unimportant in respect of the real issue litigated, to a degree that would relegate the major issues actually contested to a status of minor consequence. In such circumstances a just application of rule 45 (175 Ala. xxi, 61 South. ix) requires the conclusion that no reversible or substantially prejudicial error was committed by the refusal of request X. The matter of averment treated in Munson Line v. Turner & Co., 203 Ala. 690, 85 South. 4, to which the plaintiff failed to give any evidential support, was vitally material to the liability averred; and the fault there found, very different from that proposed in request X, was that, on the second trial, no evidence was presented efficient to support the material averment there recited.

[10, 11] The remaining contention for error arose from the admission in evidence, on plaintiff's cross-examination of defendant's witness Lodge, of a written statement signed by him. The only objection interposed was that the statement "was an unsworn statement, and irrelevant, incompetent, and immaterial." The court was not invoked to exclude any part of the writing that may or may not have been conceived to be inadmissible. It was not the primary duty of the court to separate the legal from the illegal (if so) in the writing. Comparing the witness' material testimony with material matter recited in the writing, it is clear that the writing carried terms that may well have involved inconsistency with or contradiction of the witness' testimony, and was, hence, admissible for whatever service the jury might find in it in passing upon the witness' credibility. The court instructed the jury that the writing could not be looked to "as evidence of what happened."

The errors assigned are without merit. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.