(79 South. 144)

FAGAN PEEL CO. v. HARRISON CO., Limited.   (2 Div. 177.)

(Court of Appeals of Alabama.   May 28, 1918.)

1. FRAUD ⚙═▷64(3) — ACTION FOR DECEIT — QUESTIONS FOR JURY.

In action for fraud in sale of automobile, whether representations were made, and whether they were false, *held* for the jury.

2. CORPORATIONS ⚙═▷433(1)—DECEIT OF OFFICER—QUESTION FOR JURY.

In action for deceit, whether the representations were made by the president of defendant corporation for himself or as president *held* for the jury.

3. APPEAL AND ERROR ⚙═▷1040(11)—HARMLESS ERROR—SUSTAINING DEMURRER.

Trial court's error in overruling demurrer to special count imperfectly setting up claim, which count claimed no more than amount shown to be recoverable under common counts, evidence for plaintiff sustaining every allegation necessary to recovery under such counts *held* harmless to defendant.

4. APPEAL AND ERROR ⚙═▷1078(1) — ASSIGNMENTS—WAIVER.

Assignments not insisted upon in brief are waived.

5. TRIAL ⚙═▷252(6)—INSTRUCTION—MISLEADING CHARACTER.

In action against foreign corporation for deceit in sale of automobile by its president, requested charge that defendant, not qualified to do business in the state, could not be held liable in the suit if the trade was made in the name of its president, *held* misleading, where the evidence clearly showed that the president was acting for the corporation.

6. TRIAL ⚙═▷244(5) — INSTRUCTION — GIVING PROMINENCE TO TESTIMONY.

In action against foreign corporation for fraud in sale of automobile, instruction that if jury believed evidence of company's president that he made trade with plaintiff in individual capacity, etc., company would not be liable, *held* bad as giving undue prominence to president's testimony.

7. TRIAL ⚙═▷240—INSTRUCTION—ARGUMENTATIVE CHARACTER.

In action against foreign corporation for fraud in sale of automobile, instruction that if jury believed evidence of company's president that he made trade with plaintiff in individual capacity, etc., company would not be liable, *held* bad as argumentative.

8. CORPORATIONS ⚙═▷521—INSTRUCTION—MISLEADING CHARACTER.

In action against foreign corporation for fraud in sale of automobile, instruction that, unless jury had evidence to show company's president was authorized by it to engage in business in state when automobile was traded, company would not be liable for anything done by president in his own name, *held* properly refused as misleading.

9. TRIAL ⚙═▷260(1) — INSTRUCTIONS — REPETITION.

Refusal of requested charges fully covered by the court in its oral charge was not error.

10. TRIAL ⚙═▷121(2)—ARGUMENT—PROPRIETY.

In action against foreign corporation not authorized to do business in state for fraud in sale of automobile, in view of testimony of president of corporation, *held* permissible for counsel to contend in argument that president had confessed he was doing company's business individually to avoid paying corporation taxes.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Action in assumpsit and deceit by the Harrison Company, Limited, against the Fagan Peel Company, a corporation, for fraud in the sale of an automobile. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear. The following charges were refused to defendant:

(2) I charge you that, defendant being a foreign corporation not qualified to do business in this state, it cannot be held liable in this suit, if this trade as to the automobile was made in the name of R. W. Fagan, and defendant had nothing to do with the trade.

(3) If you believe the evidence of R. W. Fagan that he made this trade with plaintiff in his individual name and capacity because the defendant corporation was a foreign corporation not qualified to do business in this state, and that he (R. W. Fagan) was personally responsible to defendant, then defendant would not be liable in this case, and your verdict should be for defendant.

(5) Unless you have evidence to show that R. W. Fagan was authorized by defendant to engage it in business in this state at the time the automobile was traded to plaintiff, then defendant would not be liable to plaintiff for anything done by R. W. Fagan in his own name in this trade with plaintiff.

Roach & Ward, of Mobile, and T. J. Hollis, of Butler, for appellant. Ben F. Elmore and Wm. F. Herbert, both of Demopolis, for appellee.

SAMFORD, J. [1, 2] The plaintiff contends, and his evidence tends to support his contention, that he puchased from the defendant a new Maxwell car; that it was represented to him by the defendant or its duly authorized agent as such; that, relying upon this statement, he paid the defendant the price agreed upon, which was $700, either in money or in property which was agreed at the time to be worth that much, and which the defendant accepted as $700; that the car delivered was not a new car, but was a used car and damaged; that, when plaintiff discovered the deceit, he rescinded the trade, so notified the defendant, and demanded the return of his property or money, and defendant refused to return same. The defendant denied the false representations, and denied that it had ever had any dealings with plaintiff at all, but claimed that it was a Mississippi corporation, not authorized to do business in this state, and that whatever trade had been made or transaction had with plaintiff was by one R. W. Fagan, the defendant's president. Fagan, the president, so testified, but further admitted that he was in the active management of defendant's business, that of selling automobiles; that the car sold and

delivered to plaintiff was the property of defendant before he sold it to plaintiff; that the defendant company having no license to do business in this state and not having complied with the statutes of this state, in regard to license, that he carried on this business over in Alabama as an individual, and that he was responsible to the corporation for the business; that he simply paid the money over to it when the sales were made; that in the sale of this car the proceeds were turned into defendant's business; that he did not tell the plaintiff that he was doing business individually or for the corporation. Under the evidence, it was a question for the jury to say whether the representations were made; if so, where they false, and whether or not R. W. Fagan was acting for himself or as president of the defendant company, merely using a subterfuge to evade the corporation laws of this state.

[3] Count A was subject to the demurrer interposed, but the evidence is without conflict that, if plaintiff was entitled to recover at all, recovery could be had on the common counts as filed, upon which issue was joined. This being true, and the only issue under the complaint being as to the amount thus due, prejudicial error cannot be imputed to the action of the trial court in overruling demurrer to a special count which imperfectly sets up the plaintiff's claim, when this count claimed no more than the amount shown by the evidence to be recoverable under the common counts, and the evidence for plaintiff sustained every allegation necessary to a recovery under such counts. Barnes v. Marshall, 193 Ala. 94, 69 South. 436; Kellar v. Jones & Weedon, 196 Ala. 417, 72 South. 89

Count B is in the Code form and is sufficient.

[4] The third, fourth, fifth, sixth, and seventh assignments of error are not insisted upon in brief, and therefore are waived.

[5] There was evidence tending to show that Fagan was acting for the corporation, and, under this phase of the evidence, charge 2 as requested by the defendant was misleading, and its refusal was not error. Brooklyn L. Ins. Co. v. Bledsoe, 52 Ala. 538; Citizens' Nat. Bank v. Buckheit, 14 Ala. App. 511, 71 South. 82.

[6, 7] Charge 3 as requested by defendant was bad, in that it gave undue prominence to the testimony of the witness Fagan and was also argumentative. Its refusal was not error.

[8, 9] Charge 5 was misleading, and this question was fully covered by the court in its oral charge.

Charge 8 was fully covered by the court's oral charge, and its refusal as requested was not error.

The questions in this case, as to whether a fraud had been practiced on plaintiff, and as to whether such practice was by the defendant or its president and manager, acting individually, were questions of fact for the jury, and from the testimony as disclosed by the bill of exceptions there was ample evidence to sustain the verdict, and therefore the motion for a new trial was properly overruled.

[10] While Fagan did not confess that he was doing the business individually to avoid paying corporation taxes, he did testify that his company had no license to do business in Alabama; that it had not complied with the corporation laws of this state, and for that reason he carried on this business in Alabama as an individual; that he was responsible to the corporation; and that he simply paid the money over to the corporation. It was shown that he and others working under him while in the employ of the corporation sold many cars in Alabama. In view of these facts, it was permissible for counsel to contend in argument that Fagan had confessed that he was doing the business individually to avoid paying corporation taxes.

We find no error in the record, and the judgment is affirmed.

Affirmed.