(89 South. 38)

## MADDOX v. JONES. (7 Div. 191.)

(Supreme Court of Alabama. April 21, 1921.)

1. Highways ☞175(1)—Motorist and colt presumptively have equal rights on the highway.

A motorist and a young colt following its dam, which plaintiff was riding, presumptively have equal rights on the highway.

2. Highways ☞184(1)—Complaint charging that motorist negligently allowed automobile to run over colt not open to attack.

It is the duty of a motorist to exercise reasonable care to avoid injuring a colt on the highway, and hence a complaint charging that defendant negligently allowed his automobile to run over a colt on the highway is not open to attack.

3. Pleading ☞9—When the facts out of which a duty arises are alleged, it is unnecessary to charge conclusion.

When the facts out of which a duty arises are alleged it is unnecessary for the pleading to charge the conclusion.

4. Highways ☞184(3) — Whether motorist whose car struck colt was guilty of negligence held under the evidence for the jury.

Whether a motorist whose car struck a colt on the highway was guilty of negligence held, under the evidence, for the jury. ·

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Action by Theopolis Jones against J. W. Maddox, for damages for the death of a colt. Judgment for plaintiff, and defendant appeals. Transferred from court of appeals under section 6, Acts 1911, p. 449. Affirmed.

The complaint charges that the defendant negligently caused or allowed his automobile which he was driving along a public highway

between Calera and Birmingham to run over or against a colt, the property of the plaintiff, on said highway, whereby the colt was so injured that he died. .

The demurrers are that the complaint states no cause of action; that it is not alleged that the defendant was negligently operating an automobile along a public highway, and, for aught that appears, said colt ran against said automobile. The evidence was in dispute as to whether defendant's car was the car that struck the colt. The evidence as to the circumstances of the collision was without dispute, but the car in question was running at a speed of 15 to 18 miles an hour. Plaintiff, riding his mare with the colt following at a distance of 15 or 20 feet, met the car, and when it passed him he looked around and saw the car right by the colt and the colt was falling, and on examination it appeared that the colt's leg was broken in two places. The car did not blow nor give any alarm nor did its speed slacken before or after striking the colt. The colt was following the mare in the middle of the road just before it was struck. The court declined to give the affirmative charge for the defendant.

Grady Reynolds, of Clayton, for appellant.

The complaint was subject to the demurrers. 194 Ala. 360, 70 South. 125; 16 Ala. App. 461, 78 South. 724; 12 Ala. App. 442, 68 South. 534; 16 Ala. App. 588, 80 South. 163. The mere fact that an injury has been sustained will not give rise to a presumption that the injury is due to the negligence of one who is made a defendant to an action based with error. 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748; 20 R. C. L. 184. The defendant would only be liable for the negligent operation of his automobile. 193 Ala. 614, 69 South. 137.

Riddle & Ellis, of Columbiana, for appellee.

All the questions presented were questions for the jury. 174 Ala. 616, 56 South. 997, 40 L. R. A. (N. S.) 890. The complaint was in all respects sufficient. 16 Ala. App. 461, 78 South. 724.

SOMERVILLE, J. [1, 2] The complaint is not subject to any of the grounds of demurrer. It shows that defendant was driving his car along a public highway, and that defendant's colt was also on that highway, where each, as a matter of law, had presumptively an equal right to be. Reaves v. Maybank, 193 Ala. 614, 69 South. 137. Under those conditions it was defendant's duty to avoid injuring the colt, if he could avoid it by reasonable care in the operation of his car. This is a sufficient predicate for the charge that he negligently ran against the colt. Dozier v. Woods, 190 Ala. 279, 67 South. 283.

[3] When the facts out of which the duty arises are alleged, it is not necessary to charge the legal conclusion that the duty existed. Postal Tel. Co. v. Hulsey, 132 Ala. 444, 31 South. 527; B. R., L. & P. Co. v. Cockrum, 179 Ala. 372, 60 South. 304.

[4] Unquestionably the colt was struck and injured by a motorcar, as alleged, and whether it was struck and injured by defendant's car or by some other car was under the evidence a disputed question of fact for the jury.

Finding that issue against defendant, we think it was also a question of fact for the jury to determine whether it was negligence for defendant to attempt to pass along the road in close proximity to this colt following its dam at so high a speed as 20 miles an hour, without the precaution of slowing down or blowing the horn in warning.

It was inferable from the testimony that the colt was in the middle of the road when struck, and, if so, it was the duty of the driver of the car to have regard for the timidity of so young an animal, and the possible consequences of its being frightened by the rapidly moving car.

It is certain either that the car ran upon the colt or that the colt shied against the car; and in either case the result may by reasonable inference be attributed to the negligent handling of the car under conditions open to the observation of the driver and fairly suggestive of the actual result.

We do not feel justified in holding that the trial judge erred in refusing to withdraw the question of negligence from the jury by giving the general affirmative charge for defendant.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.