(96 South. 581)

## CORONA COAL CO. v. CORRY.
(6 Div. 849.)

(Supreme Court of Alabama. May 17, 1923.)

1. Witnesses ⊙═379(1)—Cross-examination as to taxable valuation inadmissible in action for injury to land.

In an action for damages for injuries to land as the result of flooding such land with waste and débris dumped into a water course, there was no error in excluding on plaintiff's cross-examination the question as to what valuation plaintiff was paying taxes on; such testimony not being admissible to impeach plaintiff's testimony as to value where it did not appear that plaintiff himself had rendered or fixed the valuation on which he paid taxes.

2. Witnesses ⊙═352—Question imputing dishonesty to witness on cross-examination properly excluded.

In an action for damages to land where a witness had testified as to the value of the land and as to the damaging effect of mine débris, deposited thereon, the court properly excluded the question, "your idea is, then, that the question of whether the deposits upon the land affected it or not depends on whether it is covered by a suit or not?" such question being improper in form and substance as in effect calling upon the witness to say whether his opinion as to value and injury was honest or dishonest.

3. Waters and water courses ⊙═49—Liability for damages to land from dumping tailings and débris into creek not affected by availability to plaintiff of remedy by abatement.

In an action for damages by reason of mine débris dumped into a creek which cast it on plaintiff's land, where plaintiff claimed only damage already accomplished and claimed nothing for future injury, an instruction requested by defendant that, if the operation of the mine was a nuisance and was abatable and remediable, plaintiff was not entitled to recover depreciation in market value of the land, was properly refused; the availability of abatement as a remedy not relieving defendant against injury already inflicted.

**4. Waters and water courses ⊙⟶49—Instruction in action for dumping tailings and débris as to maintenance of nuisance properly refused as misleading.**

In an action for damages for the dumping of mine tailings and débris into a creek which cast it on plaintiff's land, a charge requested by defendant that "if you believe from the evidence the operation of defendant's coal mines was not a nuisance" was properly refused as misleading; it being of no consequence whether the damage to the land resulted from excavation and removal of the coal or its passage through the washer.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by W. G. Corry against the Corona Coal Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Affirmed.

The action is on the case for damages for injury to the plaintiff's lands resulting from the operation of the defendant's coal mines and washers, in the course of which coal, cinders, slate, and other débris were dumped into a creek running by or through the plaintiff's lands, and thence cast upon them, impairing their market value, rendering them less valuable and less productive for farming, injuring the crops, and causing other damage.

The trial judge refused to give the following charges requested by defendant:

(17) If the operation of the coal mine and washer of defendant was a nuisance and was abatable and remediable, plaintiff is not in this action entitled to recover anything for depreciation in the market value of the lands.

(21) If you believe from the evidence that the lands of plaintiff were damaged as claimed, and that the cause of the damage may be removed, you cannot return a verdict for the plaintiff for any damage for permanent injury to the lands.

(22) If you believe the evidence, the operation of defendant's coal mines was not a nuisance.

Questions on the evidence are sufficiently stated in the opinion.

From a verdict and judgment for plaintiff, the defendant appeals.

A. F. Fite, of Jasper, for appellant.

Appellant's charges 17 and 21 should have been given. Steel Cities Chem. Co. v. Jenkins, 17 Ala. App. 221, 84 South. 408; S.-S. S. & I. Co. v. Mitchell, 161 Ala. 278, 49 South. 852.

Ray & Cooner, of Jasper, for appellee.

The authorities cited by appellant are inapt.

SOMERVILLE, J. [1] Objection was properly sustained to the question propounded to the plaintiff on cross-examination, "What valuation were you paying taxes on?" The witness had testified to the value of his land, and it was competent to impeach his opinion in that behalf by showing that at another time he had appraised it for less. But the answer to this question would furnish no such impeachment, unless it appeared that plaintiff himself had returned or suggested the valuation upon which he was paying taxes. As framed, the question was clearly incompetent.

[2] Plaintiff's witness Worthington, who also testified as to the value of the lands, and the damaging effect of the deposits on them, was asked by defendant's counsel:

"Well, now, your idea is then that the question of whether the deposits upon the land affected it or not depends on whether it is covered by a suit or not?"

There was nothing in his testimony that had been previously elicited that could justify this question, and, indeed, it in effect calls upon the witness to answer whether his opinion as to value and injury was honest or dishonest. The question was improper in form and in substance, and was properly excluded.

[3] Charges 17 and 21 are not correct statements of the law applicable to this case. The complaint does not claim for prospective damage from the future operation of the mines, but only for damage already accomplished. If the waste material cast on the lands was a permanent injury to the soil (and under the evidence this was clearly a question for the jury), the abatement of the nuisance—that is, its suspension from further injurious operation—could not relieve against injury already inflicted. Abating the nuisance is not abating or curing the damage it has already caused.

The application made of the principle invoked by these charges in S. S. S. & I. Co. v. Mitchell, 161 Ala. 278, 49 South. 851, and Steel Cities Chem. Co. v. Jenkins, 17 Ala. App. 221, 84 South. 408, cited by appellant, was to a state of facts which expressly excluded the kind and degree of injury here exhibited. For these reasons these charges were properly refused.

[4] Charge 22 was properly refused as misleading. Evidently, the washer was operated in connection with the mines, and its operation was a part of the operation of the mines. The language of the charge is too broad. Moreover, the plaintiff's recovery was for damage caused solely by waste deposits on his lands, and it was of no consequence whether this damage resulted from the excavation and removal of coal from the ground, or its passage through the washer. The giving of the charge could not have helped defendant's cause, nor could its refusal have hurt it.

No other assignments of error are insisted

upon, and the assignments urged being without merit. the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.