(105 So. 874)

## LOUISVILLE & N. R. CO. v. ROBINSON.
### (8 Div. 790.)

(Supreme Court of Alabama.　Oct. 15, 1925.)

**1. Pleading ☜8(8)—Breach of duty may be pleaded by way of conclusions.**

When averred facts show relation of parties and duty in premises, breach thereof may be pleaded by way of conclusions.

**2. Pleading ☜8(8)—Pleading need not charge conclusion that duty existed.**

When facts are alleged out of which duty arises, pleading need not charge conclusion that duty existed.

**3. Carriers ☜247(3)—Relationship of carrier and passenger existed at time of wrongfully denying entrance to passenger with ticket.**

When party in good faith, with intention of becoming passenger, had purchased and presented ticket entitling him to ride, and was wrongfully denied entrance, relation of carrier and passenger existed at time of rejection.

**4. Carriers ☜275—Negligence vel non need not be averred, where passenger was unlawfully rejected.**

No question of negligence vel non is presented or need be averred if plaintiff was unlawfully rejected when relation of carrier and passenger existed.

**5. Carriers ☜274—Tort action lies for injury caused by breach of duty which carrier owes passenger.**

Tort action lies for injury caused by breach of duty which common carrier owes passenger.

**6. Pleading ☜193(8), 355, 428(3)—Improper damages must be eliminated by objection to evidence or requested instructions, and not by demurrer or motion to strike.**

Improper damages, if claimed, must be eliminated by objection to evidence or requested instructions, and not merely by motion to strike or by demurrer.

**7. Carriers ☜283(4)—Insult to passenger by carrier will support action for damages.**

Insult to passenger by carrier, resulting in humiliation and mental distress, without physical injury, will support appropriate action for damages.

**8. Damages ☜192—Mental suffering may be inferred from wrongful acts.**

Mental suffering may be inferred from wrongful acts having such natural or reasonable effect within relation of parties.

**9. Carriers ☜278(2)—Requested charge in action against railroad company for damages for refusing to transport passenger held properly refused.**

In action for damages against railroad company for refusing to transport passenger, requested charge that plaintiff could not recover for mental suffering and humiliation, and that plaintiff was not entitled to recover if he did not suffer in person, reputation, or estate, and was entitled to recover nominal damages only, if any, *held* properly refused.

**10. Carriers ☜278(1)—Affirmative instruction in action against railroad company for damages for refusal to transport passenger held properly refused.**

In action against railroad company for damages for refusing to transport passenger, affirmative instruction was properly refused, where there was evidence besides that of plaintiff that plaintiff was repulsed on attempting to enter train, since credibility of evidence and reasonable inferences to be drawn are for jury.

**11. Carriers ☜278(2)—Instruction limiting damages to nominal sum in action against railroad company for refusing transportation to passenger held properly refused.**

In action against railroad company for damages for refusal to transport passenger, instruction seeking to confine damages to nominal sum properly refused, since a willful act will support count for wanton injury.

**12. Witnesses ☜363(1)—Defendant has right to show animus of witness.**

Railroad company defendant in action for damages for refusal to transport passenger has right to show animus of a witness, if such there is.

**13. Witnesses ☜372(2)—Objection to questions attempting to show animus of witness held properly sustained.**

In action against railroad company for refusing transportation to passenger, objection to questioning witness for plaintiff as to whether he was out of employment was properly sustained, since, unaided by other evidence, this was not sufficient to show bias or prejudice against defendant.

**14. Appeal and error ☜1004(1)—Damages ☜102—Damages that may be awarded for pain and mental anguish are discretionary, unless amount indicates prejudice or passion.**

Damages that may be awarded for pain and mental anguish are in large measure discretionary, and, unless amount awarded is so excessive or inadequate as to indicate prejudice or passion, they will not be reversed.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action for damages by S. E. Robinson against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Count 1 of the complaint is as follows:

"Plaintiff claims of the defendant, the Louisville & Nashville Railroad Company, a corporation, doing business under the laws of the state of Alabama, the sum of $1,000 as damages for that:

"On and before July 11, 1923, the defendant was engaged in operating and running cars, or trains of cars, between the city of Decatur and the city of Birmingham, in the state of Alabama, as a common carrier of passengers, for hire or reward; that on said date the plaintiff purchased from the defendant at said Decatur a ticket entitling the plaintiff to ride on that date on one of the defendant's passenger trains from Decatur, Ala., to Birmingham, Ala.; that said ticket was purchased shortly before the arrival of one of defendant's trains, so being operated, known as the Pan-American which was running, or scheduled to run, from Decatur, Ala., to Birmingham, Ala.

"On the arrival of said trains, and after and while said train was stopped, at its depot in Decatur, Ala., the plaintiff undertook to board the same as a passenger thereon while the vestibule of said train was still open, and as he stepped upon the steps thereof the defendant, by its agent, servant, or employee, asked the plaintiff where he was going, and the plaintiff informed him that he was going from Decatur to Birmingham, and that he had a ticket entitling him to such transportation, whereupon the defendant, by its agent, servant, or employee, pushed the plaintiff back from and off the steps entering said car, and dropped the platform, and closed the doors to the vestibule of said train, and the train was then put in motion, and left plaintiff in Decatur, Ala.

"The plaintiff alleges that by reason of said breach of duty due him by the defendant he was greatly humiliated and chagrined, and was brought into contempt of those present at the place of boarding of said train, and that his feelings were greatly outraged and wounded. All to his damages as aforesaid."

Count 2 charges that plaintiff was "wantonly" pushed from the steps.

Defendant moved to strike from the complaint these items of alleged damages: (1) "He was greatly humiliated." (2) "And chagrined." (3) "And was brought into contempt of those present at the place of boarding of said train." (4) "And that his feelings were greatly outraged and wounded."

Defendant's requested charges 1, 8, 9, A, B, C, D, and 12 sought to instruct against plaintiff's right to recover for outraged feelings or wounded feelings; mental pain or anguish; for chagrin; for being brought into contempt of those present at the place of boarding the train; for humiliation; that plaintiff was not entitled to recover any damages if he did not suffer in person, reputation, or estate; and that, if defendant breached any duty, and plaintiff was entitled to recover, he is entitled to recover only nominal damages.

There was verdict and judgment for plaintiff for $250, from which defendant appeals.

Jones & Thomas, of Mongomery, and Eyster & Eyster, of Albany, for appellant.

A complaint must allege facts which show a duty and a breach thereof and damages in consequence. B. R., L. & P. Co. v. Anderson, 3 Ala. App. 424, 57 So. 103. Only such damages as are claimed are recoverable. L. & N. v. Sanders, 7 Ala. App. 545, 61 So. 482. Recovery cannot be had for mental anguish alone, unmixed with other injury. 8 R. C. L. 561, 520, 522; W. U. Tel. Co. v. Hill, 163 Ala. 18, 50 So. 248, 23 L. R. A. (N. S.) 648, 19 Ann. Cas. 1058. Humiliation, etc., are not elements of recoverable damages in this case. Malcolm v. L. & N., 155 Ala. 339, 46 So. 768, 18 L. R. A. (N. S.) 489, 130 Am. St. Rep. 52; Birmingham W. W. Co. v. Justice, 204 Ala. 548, 86 So. 389; Same v. Watley, 192 Ala. 524, 68 So. 330; L. & N. v. Hine, 121 Ala. 236, 25 So. 857. As to measure of damages when damages not claimed for gross disregard of passenger's rights, see C. of G. v. Morgan, 161 Ala. 486, 49 So. 865; L. & N. v. Dancy, 97 Ala. 339, 11 So. 796. The verdict was excessive. L. & N. v. Sanders, supra; Malcolm v. L. & N., supra.

W. W. Callahan, of Decatur, for appellee.

When a duty is pleaded by allegation of facts, a breach may be pleaded by way of conclusion; and when facts are alleged out of which a duty arises, it is unnecessary to allege a conclusion. Ala. F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541; Maddox v. Jones, 205 Ala. 598, 89 So. 38. When the relation of carrier and passenger is shown, the duties incident thereto are inferred. B. R., L. & P. Co. v. Adams, 146 Ala. 267, 40 So. 385, 119 Am. St. Rep. 27; M. L. & R. Co. v. Ellis, 209 Ala. 580, 96 So. 773. Appellee was a passenger. Bradley v. Williams, 20 Ala. App. 308, 101 So. 808; L. & N. v. Glascow, 179 Ala. 251, 60 So. 103; Sou. Ry. v. Nelson, 148 Ala. 88, 41 So. 1006; B. & A. v. Norris, 4 Ala. App. 363, 59 So. 66; Ala. Ry. v. Bates, 149 Ala. 487, 43 So. 98; N. B. Ry. v. Liddicoat, 99 Ala. 545, 13 So. 18. It was not necessary to allege the breach negligently done. B. R. & E. Co. v. Baird, 130 Ala. 334, 30 So. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43. Improper damages in a complaint cannot be reached by demurrer or motion to strike. N., C. & St. L. v. Campbell, 212 Ala. 27, 101 So. 615. Humiliation, etc., to a passenger will support an action. Sou. Ry. v. Carroll, 14 Ala. App. 374, 70 So. 984; B. R. L. & P. Co. v. Glenn, 179 Ala. 263, 60 So. 111; B. R. L. & P. Co. v. Parker, 161 Ala. 248, 50 So. 55; S. A. L. v. Mobley, 194 Ala. 211, 69 So. 614; L. & N. v. Harper, 203 Ala. 398, 83 So. 142; Sou. Ry. v. Rowe, 198 Ala. 353, 73 So. 634.

THOMAS, J. The suit is for damages as for a failure to transport a passenger.

[1, 2] When the averred facts show the relation of the parties and duty in the prem-

ises, a breach thereof may be pleaded by way of conclusion (Alabama F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541; Mobile L. & R. Co. v. Ellis, 209 Ala. 580, 96 So. 773), and, when the facts are alleged out of which a duty arises, the pleading need not charge the conclusion that the duty existed. Maddox v. Jones, 205 Ala. 598, 89 So. 38.

[3-5] If the plaintiff had the right to enter the car, and, in good faith, with the bona fide intention of becoming a passenger, had purchased and presented a ticket entitling him to ride in said car, and, with the intention of becoming a passenger, attempted to board the car, and was wrongfully denied entrance, the relationship of carrier and passenger existed at the time of his rejection. L. & N. R. R. Co. v. Harper, 203 Ala. 398, 83 So. 142; L. & N. R. R. Co. v. Glascow, 179 Ala. 251, 60 So. 103. No question of negligence vel non is presented or need be averred if plaintiff was unlawfully rejected when the relation of carrier and passenger existed. N. C. & St. L. R. R. Co. v. Crosby, 194 Ala. 338, 70 So. 7. The action is ex delicto. Wilkinson v. Moseley, 18 Ala. 288, 290, 291; White v. Levy, 91 Ala. 175, 179, 8 So. 563; Deavors v. Southern Express Co., 200 Ala. 372, 76 So. 288; Blythe v. Enslen, 203 Ala. 692, 85 So. 1. Tort action lies for injury caused by a breach of duty which a common carrier owes a passenger. L. & N. R. R. Co. v. Hine, 121 Ala. 234, 25 So. 857.

The complaint held insufficient in B. R. L. & P. Co. v. Anderson, 3 Ala. App. 427, 57 So. 103, was not so specific as are counts 1 and 2 in this case. There was no error in overruling demurrer directed thereto. In the instant counts it is averred that plaintiff was attempting to get upon the car or vestibule thereof then in use for the carriage of passengers, and as it was standing still at the station, having stopped at such place and time according to schedule; thus distinguishing them from the indefiniteness pointed out by the court in the Anderson Case, supra.

[6] There was no reversible error in declining defendant's motion to strike. Improper damages, if claimed, must be eliminated by objection to the evidence or by requested instructions, and not merely by motion to strike or by demurrer. N. C. & St. L. Co. v. Campbell, 212 Ala. 27, 101 So. 617.

[7, 8] When the relation of carrier and passenger exists, an insult to the latter by the former, resulting in humiliation and mental distress (without physical injury), will support an appropriate action for damages. N. C. & St. L. Co. v. Campbell, 212 Ala. 27, 101 So. 615; L. & N. R. Co. v. Harper, 203 Ala. 398, 83 So. 142; S. A. L. R. Co. v. Mobley, 194 Ala. 211, 222, 69 So. 614; B. R. L. & P. Co. v. Glenn, 179 Ala. 263, 268, 60 So. 111; L. & N. R. Co. v. Hine, 121 Ala. 234, 25 So. 857; L. & N. R. Co. v. Laney, 14 Ala. App. 287, 293, 69 So. 993; 4 Elliott on Railroads (2d Ed.) 961, 23 A. L. R. 388. And it is held that mental suffering may be inferred from wrongful acts having such natural or reasonable effect within the relation of the parties. Southern Ry. Co. v. Rowe, 198 Ala. 353, 73 So. 634.

There was no error in the court's oral charge as follows:

"Now, gentlemen, if the plaintiff is entitled to recover any damages, he is entitled to recover what the law calls actual or compensatory damages. Now his actual damages, gentlemen, or compensatory damages, would be any damage that he suffered as a direct result of the wrong inflicted upon him, if a wrong was inflicted upon him, and if he was caused to be humiliated, and if his feelings, gentlemen, were greatly outraged and wounded, and if he was chagrined or brought into contempt of the other people present, then, gentlemen, that would be a part of his actual damages, and the law, if he is entitled to recover anything in this case, would entitle him to recover for those actual damages."

[9] Nor was there error in refusing defendant's requested charges 1 (so denominated by us), 8, and 9, charges which we denominate A, B, C, and D, and charge 12. The case of L. & N. R. Co. v. Hine, 121 Ala. 234, 25 So. 857, was based on the facts that may be stated as follows:

"If a person claims damages because of the ridicule to which he was subjected in being ejected from a railroad train, and it does not appear that the persons ridiculing him were present when he was ejected, or that he alone did not inform them of it, or that their conduct was in any sense approximate upon the wrong, he cannot recover such damages."

And on this ground it was declared that a charge denying recoverable damage for ridicule should have been given.

[10, 11] The affirmative instruction and that seeking to confine damages to a nominal sum were properly refused. The question of credibility of evidence, direct and cross-examination (Jones v. Bell, 201 Ala. 336, 77 So. 998), and the reasonable inferences to be drawn, are for the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. There was evidence (aside from inferences to be drawn from plaintiff's evidence), as that of the newsboy, that the passenger seeking to enter the train was repulsed by the brakeman on duty or at said entrance. A willful act will support a count for wanton injury.

[12, 13] The defendant had the right to show the animus of a witness, if such there was. The question, "Were you out of employment?" unaided by other evidence, was not sufficient to show bias or prejudice against the defendant. There was no error in sustaining plaintiff's objection to the question.

[14] We cannot say under the evidence and the rule of Cobb v. Malone, 92 Ala. 633, 9 So. 738, N. C. & St. L. R. Co. v. Crosby,

194 Ala. 338, 347, 70 So. 7, that there was error in overruling the motion for a new trial. The damages that may be awarded for pain and mental anguish, are in a large measure discretionary, within reasonable bounds; and, unless the amount awarded is so excessive or so inadequate as to indicate prejudice or passion, the rule in this jurisdiction is not to reverse. Whitman's Fifth Ave. Garage Co. v. Ricks, 211 Ala. 527, 101 So. 53; Central of Georgia v. White, 175 Ala. 60, 56 So. 574.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.