(108 So. 615)

## LOUISVILLE & N. R. CO. v. FRIZZLE.
### (3 Div. 539.)

(Court of Appeals of Alabama. March 23, 1926. Rehearing Denied April 13, 1926.)

**1. Carriers ⬡⟾236(2).**

Passenger having purchased ticket for interstate transportation may recover actual damages for wrongful rejection as a passenger.

**2. Carriers ⬡⟾236(2)—Wrongfully rejected passenger may recover additional cost and expense, and also actual damages for mental suffering and humiliation.**

In action by passenger for wrongful rejection from train, damages may consist of additional cost and expense, and also, under sound discretion of jury, actual damages for mental suffering and humiliation.

**3. Carriers ⬡⟾236(1).**

Gateman at railway station used also by other roads than defendant, who was employed and paid by defendant, and under its direction, held servant of defendant sued for rejection of passenger.

**4. Carriers ⬡⟾236(2).**

$407.37 held not excessive damage for wrongful rejection of bridal couple in presence of bridal party from train, requiring them to take later train; increased expense occasioned thereby being $7.35.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Cecil Frizzle against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Louisville & N. R. Co. v. Frizzle, 214 Ala. 688, 108 So. 616.

C. P. McIntyre, of Montgomery, for appellant.

Plaintiff was an interstate passenger; the measure of damages in such case is controlled by the federal decisions, and thereunder damages for mental pain and anguish are not recoverable. Warner v. B. & O., 168 U. S. 339, 18 S. Ct. 68, 42 L. Ed. 491; N. B. R. Co. v. Liddicoat, 99 Ala. 545, 13 So. 18; Southern Ex. Co. v. Byers, 240 U. S. 612, 36 S. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197; Ey v. W. U. Teleg. Co. (D. C.) 298 F. 357; Penn. Co. v. White, 242 F. 437, 155 C. C. A. 213. In actions ex delicto, under Alabama decisions, where there has been no injury to person, property, health, or reputation, there can be no recovery for mental anguish. W. U. T. Co. v. Manker, 145 Ala. 418, 41 So. 850. The gateman was the agent of the Western Railway of Alabama, not of the defendant. A verdict produced by prejudice or passion, or other improper motive, or which is excessive, will be set aside. M. L. & T. Co. v. King, 187 Ala. 619, 65 So. 998. L. R. A. 1915F, 491, Ann. Cas. 1916B, 449; Mower v. Shannon, 178 Ala. 469, 59 So. 568.

Weil, Stakely & Vardaman and S. H. Dent, all of Montgomery, for appellee.

Mental pain and suffering, in cases of this character, constitute actual damages, regardless of any physical suffering. Austro-Amer. S. S. Co. v. Thomas, 248 F. 231, 160 C. C. A. 309, L. R. A. 1918D, 873; N. Y., etc., Co. v. Winter, 143 U. S. 60, 12 S. Ct. 356, 36 L. Ed. 71; Birmingham, etc., Co. v. Coleman, 181 Ala. 478, 61 So. 890; L. & N. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874. The defendant was liable for such damages. Huffman's Case, 76 Ala. 492, 52 Am. Rep. 349; Farquhar's Case, 192 Ala. 415, 68 So. 289; Union Depot Co. v. Londoner, 50 Colo. 22, 114 P. 316, 33 L. R. A. (N. S.) 433; Indianapolis, etc., Co., v. Cooper, 6 Ind. App. 202, 33 N. E. 219; Hine's Case, 121 Ala. 234, 25 So. 857; Balkum v. State, 40 Ala. 671. The question

---

of damages was for the jury, and, in the absence of a showing that the jury was actuated by passion or prejudice, the verdict will not be disturbed. L. & N. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874.

BRICKEN, P. J. Plaintiff brought this suit for damages, alleging that on his wedding day he purchased for himself and wife tickets from Montgomery, Ala., to Atlanta, Ga., over the Western Railway of Alabama, and at the same time purchased drawing room tickets on the Pullman or palace car on the train, which was scheduled to leave Montgomery at 6:05 p. m.; that when the gates at the Union Depot were opened to admit passengers for this train plaintiff and his new wife presented themselves with their tickets for admission, with the purpose and intention of boarding said train as passengers, all of which was communicated to the gateman; that said gateman refused to permit them to enter the gates, giving as his reason the statement that their tickets were not for the 6:05 train, but were for a later train. In this the gateman was mistaken. As a matter of fact, the officials had this train held for five or ten minutes past schedule time so that the bridal party might get aboard; not knowing that they had been denied admission at the gate. It was then arranged for plaintiff and his wife to obtain similar accommodation for the trip on a train that left Montgomery at about 2:40 a. m. of the same night, but at an additional expense of $7.37. The sleeper on this later train was opened for the accommodation of plaintiff and his wife at 8 p. m. the same night. It appears that the entire bridal party, relatives, and friends, were at the station to see the happy couple off on the 6:05 train, as planned, and witnessed their rejection by the gateman. Besides the actual damage suffered of $7.37, plaintiff claimed damages for "great mental pain and anxiety, great humiliation and embarrassment, as well as great inconvenience and loss of time."

The jury returned a verdict for plaintiff assessing damages at $407.37.

The evidence showed that the depot in question was owned and operated by the defendant, the other railroads using the same, paying a rental, and the gateman being in the employ of defendant.

Appellant contends that the trial court improperly charged the jury as to the measure of damages, in that a recovery for pain and anguish was allowed. The proposition was raised by exception to the oral charge of the court and by several requested instructions refused by the court.

[1] It is conceded that plaintiff was a passenger. That he was wrongfully ejected or rejected is well established. As to plaintiff's right of recovery, we think the recent case of Louisville & Nashville Railroad Co. v. Robinson, 213 Ala. 522, 105 So. 874, is conclusive. In that case, a passenger who had purchased a ticket was denied admittance to one of appellant's trains at Decatur, Ala., his ticket entitling him to ride to Birmingham, Ala. It was there held, following prior decisions of the Supreme Court of this state, that the wrongful rejection of a passenger constituted actual damages for which there could be a recovery.

The only difference between that case and the case at bar is that in the Robinson Case, supra, the transportation was intrastate, and in this case it was interstate. It is insisted by counsel for appellant that this makes a distinction, and that, under the federal rule, plaintiff is not entitled to recover; it being insisted that the only damages suffered were for mental pain and anguish. As we understand it, the federal rule and the rule in this state are identical. In the case of New York Co. v. Winter, 143 U. S. 60, 12 S. Ct. 356, 36 L. Ed. 71, the Supreme Court of the United States held that, where a passenger is wrongfully ejected, he is entitled to recover damages irrespective of any physical injury; the damages for humiliation and mortification being actual damages. We find no distinction between the federal rule and the rule in this state as to damages.

[2] In this case plaintiff had a right to recover, not only the additional cost and expense necessary to procure other Pullman tickets in lieu of those he was prevented from using by the negligence of the gateman, but also, under the sound discretion of the jury, actual damages for mental suffering and humilation caused by his wrongful ejection or rejection. Birmingham v. Coleman, 181 Ala. 478, 61 So. 890; L. & N. R. R. Co. v. Robinson, supra; N. Y., etc., v. Winter, 143 U. S. 60, 12 S. Ct. 356, 36 L. Ed. 71.

[3] The appellant insists that the trial court erred in refusing the general charge for defendant on the theory that the gateman was the servant of the Western Railway of Alabama, and not that of the defendant, at the time the act was done, relying upon the case of Dean v. E. T., V. & Ga. R. R. Co., 98 Ala. 586, 13 So. 489. This court recognizes the law to be that the relation of master and servant exists when the person sought to be charged as master has the right to direct and control the alleged servant in the performance of the work upon which he is then engaged, and to accept or reject rendition of the service by such agent.

It appears, from the record in this case, that the gateman was under the direction of the defendant; was employed and paid by the defendant, and responsible only to the defendant. He was the servant of defendant.

[4] It is further insisted that a new trial should have been granted because the verdict was excessive. The facts and circumstances were fairly submitted to the jury. The trial judge saw the witnesses, and heard them testify orally. The verdict cannot be said to be

so excessive, if excessive at all, as to shock the conscience of the court.

The judgment appealed from is affirmed. Affirmed.